## STATE v. GRANT.

1. ASSAULT AND BATTERY—JURISDICTION OF GENERAL SESSIONS.—An indictment which charges that defendants "in and upon one D. H. with    did make an assault and him the said D. H. with the said    then and there in the dwelling house of him the said D. H. and in the presence of the family of the said D. H. then and there did beat, wound, and ill-treat," does not charge an assault and battery of a high and aggravated nature, and therefore is not cognizable in the Court of General Sessions. *State* v. *McKettrick*, 14 S. C., 353, approved and followed.

2. JURISDICTION.—A question of jurisdiction may be raised at any time, and therefore was not too late when raised by demurrer after jury empanelled and one witness sworn.

Before ALDRICH, J., Beaufort, September, 1890.

At the call of this appeal for a hearing, the solicitor moved to dismiss the appeal because the order appealed from was not appealable, it being from an order overruling a demurrer which had been interposed after evidence had been introduced. The court said it would be better to let this matter be heard with the appeal.

*Messrs. W. J. Whipper* and *S. J. Lee*, for appellant.

*Mr. Murphy*, solicitor, contra.

March 19, 1891.    The opinion of the court was delivered by

MR. JUSTICE McGOWAN.    This was an indictment for assault and battery of a high and aggravated nature, and came on to be tried at the September term, A. D. 1890, of the Court of General Sessions for Beaufort County, before Mr. Justice Aldrich and a jury. The indictment charged as follows: "That Paul Grant and Aaron Middleton, on the 2nd day of August, in the year of our Lord one thousand eight hundred and ninety, with force and arms at Beaufort, in the county and State aforesaid, in and upon one Dick Heyward, with          did make an assault, and him the said Dick Heyward, with the said          then and there in the dwelling house of him the said Dick Heyward, and in the presence of the family of the said Dick Heyward, then and there did beat, wound, and ill-treat; against the form of the statute in such case made and provided, and against the peace and dignity of the same State aforesaid. (Signed) Murphy, Solicitor."

After a jury had been empanelled and a witness sworn, the defendants demurred to the indictment on the grounds stated in their exceptions. The demurrer was overruled, and after the evidence was taken and argument and charge of his honor, the defendants were convicted and sentenced each to pay a fine of

$250, or be imprisoned for a term of one year in the State Penitentiary.

The defendants, on the 16th day of September, 1890, served the following notice of appeal and exceptions: Please take notice that the defendants herein appeal to the Supreme Court of South Carolina from the judgment and sentence of his honor, Judge James Aldrich, made in the above stated case at the September term, 1890, of the Court of General Sessions for Beaufort County, and will move the said Supreme Court at the next term thereof to reverse the same upon the following grounds, to wit: 1. Because his honor erred in not sustaining the oral demurrer of the defendants to the indictment, on the ground that said indictment does not charge assault and battery of a high and aggravated nature as required by law, and therefore the Court of General Sessions had no jurisdiction to try said case. II. Because the indictment only charges an ordinary assault and battery, without charging any circumstances of aggravation as required by law and the practice of said court, and was therefore not cognizable by said Court of General Sessions, and his honor erred in not so ruling.

We cannot distinguish this case from that of *State* v. *McKettrick* (14 S. C., 353), where the court says: "Now, there is nothing on the face of this indictment which marks it as a case of a high and aggravated nature, and in the absence of some distinguishing feature of that kind, the Court of General Sessions was without jurisdiction in the case. We now come to the third ground of appeal, which involves an examination into the necessary allegations in an indictment for assault and battery in the Court of General Sessions. An indictment is the complaint of the State against the accused. Upon this the accused is put upon his trial. It should charge *some offence cognizable by the court*, and this offence, whatever it may be, should be clearly and distinctly set forth. The crime charged should be described with certainty, for no latitude of intention will be allowed to include anything more than is expressed [citing Chit. Cr. L., 171: 'Every crime must appear on the face of the record with scrupulous certainty.' *Ibid.*, 172.] * * * An indictment which fails to conform to these requisites is fatally

defective. * * * Where a party, then, is charged with assault
and battery before the Court of General Sessions, the indictment
should show on its face that the assault and battery charged is of
a high and aggravated nature. This is necessary to give the
court jurisdiction, and to put the accused to answer in that court.
* * * The indictment in this case, in the judgment of the court,
is fatally defective on its face, in the fact that it does not charge
an assault and battery of a high and aggravated nature, either
in general terms or in words descriptive of such an offence."

This objection touched the jurisdiction of the court, and there-
fore could be taken at any time. As was said by the Chief Jus-
tice in the case of McKettrick : "In the absence in the
indictment of something showing the character and grade
of the offence, how can it be said, even after conviction,
that the accused has been convicted of an assault and battery of
a high and aggravated nature, and how could the court graduate
the punishment? The description in this indictment would be
proper in a charge of the lowest grade, but when a high and ag-
gravated offence is intended, something more is necessary. Seri-
ous bodily harm, intent to kill, intent to commit a felony, the use
of a stick or deadly weapon, or something showing aggravation
should appear."

The judgment of this court is, that the judgment of the Cir-
cuit Court be reversed.