0557

The STATE, Respondent, v. Dale FLEMING, Appellant.

(335 S. E. (2d) 814)

Court of Appeals

---

*Richard G. Dusenbury*, Florence, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Sol. Dudley Saleeby, Jr.*, Florence, *for respondent.*

Heard Sept. 18, 1985.

Decided Oct. 2, 1985.

GARDNER, Judge:

Appellant Fleming (Fleming) was convicted in his absence of robbery on June 12, 1984; the following day Fleming appeared in court and was called before the trial judge for sentencing. Fleming argued he had no notice of the trial; the trial judge opined that he could "not go back of the trial." We reverse and remand.

Rule 85(b) SCRCP provides that former Circuit Court Rule 35 shall henceforth be Rule 3, Criminal Practice Rules. This Rule is:

> Except in cases wherein capital punishment is a permissible sentence, persons indicted for misdemeanors and/or felonies may voluntarily waive their right to be present and may be tried in their absence *upon a finding by the court that such person has received notice of his or her right to be present and that a warning was given that the trial would proceed in his or her absence upon a failure to attend court.* (Emphasis added.)

It appears from the record that the trial judge did not make a finding of fact that Fleming had received notice of his right to be present for the trial and that Fleming was given a warning that he would be tried in his absence should he fail to attend court. This was error.

For the reason stated the judgment below is reversed and the case is remanded to a trial *de novo*.

Reversed and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.