22490

The STATE, Respondent v. Carolyn Ann JACKSON, Appellant.
(341 S. E. (2d) 375)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Carlisle Roberts, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Feb. 11, 1986.

Decided March 5, 1986.

HARWELL, Justice:

Appellant contends that the lower court erred in proceeding with her trial *in absentia.* We agree and reverse and remand.

Appellant was convicted of robbery as well as assault and battery of a high and aggravated nature. Prior to trial, appellant was granted bail and released from custody. Appellant did not appear for her trial and did not respond when the bailiff called her name throughout the courthouse just before her trial. Appellant was tried and convicted in her absence. She was represented at trial by counsel. Subsequently, appellant was apprehended and brought into court for sentencing.

Rule Three (3) of the Criminal Practice Rules (formerly Circuit Court Rule 35) provides:

> Except in cases wherein capital punishment is a permissible sentence, persons indicted for misdemeanors and/or felonies may voluntarily waive their right to be present and may be tried in their absence upon a finding by the court that such person has received notice of

his or her right to be present and that a warning was given that the trial would proceed in his or her absence upon a failure to attend court.

The proper course of action in this case would have been for the trial judge, before appellant's trial *in absentia* began, to make findings of fact regarding 1) whether the appellant had received notice of her right to be present, and 2) whether the appellant had been warned that the trial would proceed in her absence upon a failure to attend court. From a review of the record, it is evident that was not done. This was error. *State v. Fleming,* 287 S. C. 268, 335 S. E. (2d) 814 (Ct. App. 1985).

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.