22720

The STATE, Respondent v. Jerome WILLIAMS, Appellant.

(355 S. E. (2d) 861)

Supreme Court

*Asst. Appellate Defender Stephen P. Williams,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia; and *Solicitor Charles M. Condon,* Charleston, *for respondent.*

Submitted March 24, 1987.

Decided May 11, 1987.

NESS, Chief Justice:

Appellant was convicted of armed robbery and assault and battery with intent to kill. We affirm.

When the case was called for trial, appellant's attorney

advised the court appellant was not present. He had talked with appellant by telephone the day before and appellant knew his trial was to begin that day, but he may have been confused about the time. Appellant's attorney made no objection to trial proceeding in appellant's absence.

The next morning, appellant appeared for the continuation of the trial. The trial judge, appellant and appellant's counsel engaged in a colloquy about appellant's whereabouts the previous day; however, neither appellant nor his attorney objected to the trial having begun in appellant's absence.

Appellant argues the trial judge erred in failing to make the findings required by Criminal Practice Rule 3.[1] The rule provides a non-capital criminal defendant may be tried in his absence if the trial judge finds (1) the defendant has received notice of his right to be present, and (2) was advised the trial would proceed in his absence if he failed to attend. *See, State v. Fleming*, 287 S. C. 268, 335 S. E. (2d) 814 (Ct. App. 1985).

This rule is premised upon a criminal defendant's constitutional right to be present at trial. *See, Illinois v. Allen*, 397 U. S. 1057, 90 S. Ct. 1057, 25 L. Ed. (2d) 353 (1970) ["One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Id.* 90 S. Ct. at 1058]. This right, however, may be waived. *Id.; Ellis v. State*, 267 S. C. 257, 227 S. E. (2d) 304 (1976). The error is also subject to a harmless error analysis. *State v. Whaley*, 290 S. C. 463, 351 S. E. (2d) 340 (1986).

In order to claim the protection afforded by Criminal Practice Rule 3, a defendant or his attorney must object at the first opportunity to do so. *United States v. Gagnon*, 470 U. S. 522, 105 S. Ct. 1482, 84 L. Ed. (2d) 486 (1985) [the rights granted by Fed. R. Crim. P. 43 are waived unless asserted].

Here, neither appellant nor his attorney objected to the

---

[1] When this case was tried, Circuit Court Rule 35, the predecessor of Criminal Practice Rule 3, was still in effect.

trial having begun in appellant's absence. Any error under Criminal Practice Rule 3 was therefore waived.[2]

Affirmed.

GREGORY, HARWELL, FINNEY, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.

---

[2] Our opinions in *State v. Ritch*, _____ S. C. _____, 354 S. E. (2d) 909 (1987), and *State v. Jackson*, 288 S. C. 94, 341 S. E. (2d) 375 (1986), did not address whether this issue must be preserved by an objection at trial in order to be considered on appeal. *Compare State v. Jackson*, 290 S. C. 435, 351 S. E. (2d) 167 (1986) (objection at sentencing where neither counsel nor defendant present at trial).