535 S.E.2d 449

The **STATE**, Respondent,

v.

Jose Gustavo **CASTINEIRA**, Appellant.

No. 3216.

Court of Appeals of South Carolina.

Heard Dec. 9, 1999.

Decided July 17, 2000.

Rehearing Denied Sept. 30, 2000.

Howard Hammer and John C. Potterfield, both of Hammer, Hammer, Carrigg & Potterfield, of Columbia, for appellant.

Attorney General Charles M. Condon; Chief Jonathan E. Ozmint and Assistant Attorney General Robert E. Bogan, both of State Grand Jury, all of Columbia, for respondent.

HOWARD, Judge:

In this State Grand Jury prosecution, Jose Castineira was convicted of conspiracy to traffic in 400 or more grams of cocaine in violation of S.C.Code Ann. § 44–53–370(e)(2)(e) (Supp.1999) and sentenced to thirty years imprisonment and a $200,000 fine. On appeal, Castineira contends the trial court erred in trying him in absentia, denying a severance, limiting cross-examination of the State's witness, and sentencing him to an illegal, excessive sentence. We affirm.

## FACTS/PROCEDURAL BACKGROUND

The prosecution of Castineira and twenty-five co-defendants was the culmination of a two year State Grand Jury (SGJ) investigation. The State concluded Castineira was the central supplier of cocaine to the conspiracy. The investigation began in August 1993, when police arrested Michael Greer on a cocaine charge and executed a search warrant at his residence. Over the next two years, police followed the chain of Greer's suppliers, continuing to make purchases and turning those arrested into cooperating informants.

The investigation eventually led to O'Bryant (O.B.) Harris. The officers arrested O.B. Harris on August 31, 1996, after they observed a transaction involving an undercover drug payment of $115,000. Once arrested, Harris cooperated, identifying Castineira as his source. Officers arranged an undercover payoff to Castineira for cocaine previously supplied on

September 1, 1996. Castineira and Juan Carlos Vasquez, both Cuban residents of Miami, arrived in a Mercedes Benz driven by Castineira. After a brief (recorded) conversation in which Castineira discussed a large cocaine deal, Castineira placed the money in his vehicle. He was then arrested.

On October 8, 1996, the SGJ indicted twenty-six defendants for conspiracy to traffic cocaine, 400 or more grams, pursuant to S.C.Code Ann. § 44–53–370(e)(2)(e) (Supp.1999). Eighteen defendants pled guilty and the remaining eight were tried together during a two-week period in late April—early May 1997, including Castineira.

Castineira was tried in his absence. The trial court denied motions for severance and for a continuance. The jury convicted Castineira, and the trial court sentenced him for trafficking in more than 400 grams of cocaine to thirty years in prison and a $200,000 fine.

## ISSUES

**I. Whether the trial court erred in trying Castineira in absentia?**

**II. Whether the trial court erred in prohibiting the cross-examination of the State's chief witness on the witness's understanding of his plea agreement?**

**III. Whether the trial court erred in denying Castineira's motion for a severance?**

**IV. Whether the trial court erred in sentencing Castineira to a 30 year sentence and fine of $200,000 because it exceeded the maximum allowable sentence for conspiracy under S.C.Code Ann. § 44–53–420 (1985)?**

## LAW/ANALYSIS

### I. TRIAL IN ABSENTIA

■ Castineira first argues the trial court erred in trying him in absentia. We disagree.

Rule 16 of the South Carolina Rules of Criminal Procedure provides:

Except in cases wherein capital punishment is a permissible sentence, a person indicted for misdemeanors and/or felo-

nies may voluntarily waive his right to be present and may be tried in his absence upon a finding by the court that such person has received notice of his right to be present and that a warning was given that the trial would proceed in his absence upon a failure to attend the court.

Rule 16, SCRCrimP.

■■■ A trial judge must determine a criminal defendant voluntarily waived his right to be present at trial in order to try the case in absentia. *See* Rule 16, SCRCrimP; *State v. Ritch*, 292 S.C. 75, 354 S.E.2d 909 (1987); *State v. Jackson*, 288 S.C. 94, 341 S.E.2d 375 (1986). The judge must make findings of fact on the record that the defendant (1) received notice of his right to be present; and (2) was warned he would be tried in his absence should he fail to attend. *Jackson*, 288 S.C. at 96, 341 S.E.2d at 375.

The trial court fully complied with the mandates of Rule 16, SCRCrimP. Castineira was represented by two attorneys. The record establishes the trial judge made the requisite inquiries and findings; and counsel stipulated that Castineira had received the proper notice. Therefore, this issue is without merit.

## II. CROSS-EXAMINATION

■■■ Castineira next argues the trial court erred in prohibiting his co-defendant, Vasquez, from cross-examining State witness O.B. Harris about his understanding of his plea agreement. Castineira contends the prohibition effectively denied all co-defendants the Sixth Amendment right to confront him on this point. We need not address Castineira's standing to assert this argument on appeal because the issue is not preserved for review.

At the conclusion of the cross-examination of Harris, Vasquez's counsel asked Harris about his understanding of the limitations on sentencing under his plea agreement. The trial judge interrupted. Counsel for Vasquez never objected to the trial court's intervention. Consequently, this issue is not preserved for appellate review. *See State v. Hicks*, 330 S.C. 207, 499 S.E.2d 209 (1998), *cert. denied*, 525 U.S. 1022, 119 S.Ct. 552, 142 L.Ed.2d 459 (1998) (contemporaneous objection is required to preserve issue for direct appeal). Furthermore,

Vasquez's counsel immediately ended his examination. *See State v. Mitchell,* 330 S.C. 189, 498 S.E.2d 642 (1998) (where counsel acquiesces in judge's limitation of his cross-examination and makes no further objection, appellate review of the issue is procedurally barred).

### III. SEVERANCE

Third, Castineira argues the trial court erred in denying his motion for severance. We disagree.

A motion for severance is addressed to the sound discretion of the trial court and the court's ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Dennis,* 337 S.C. 275, 523 S.E.2d 173 (1999); *State v. Nichols,* 325 S.C. 111, 481 S.E.2d 118 (1997); *State v. Boys,* 302 S.C. 545, 397 S.E.2d 529 (1990). Though mass conspiracy trials are cumbersome, denial of a motion to sever does not amount to an abuse of discretion *per se*. As our supreme court has stated: "There can be no clearly defined rule for determining when a defendant is entitled to a separate trial, because the exercise of discretion means that the decision must be based upon a just and proper consideration of the particular circumstances which are presented to the court in each case." *State v. McIntire,* 221 S.C. 504, 514–15, 71 S.E.2d 410, 415 (1952).

Here, the trial court instructed the jury as follows:

Now, you are to consider each case separately and write a verdict differently in each case. You may find all the defendants not guilty, one of the defendants guilty and the rest not guilty, or some guilty and not guilty. You are to consider each one separately and determine whether or not the State of South Carolina has proven a defendant guilty of this conspiracy beyond a reasonable doubt.

Castineira does not identify any prejudice resulting from the trial court's refusal to sever his case from the others. Furthermore, considering the judge's cautionary instruction, and the fact that no abuse of discretion is shown, the trial court did not err in refusing to grant Castineira a severance.

## IV. SENTENCING

■ Lastly, Castineira argues the trial court erred in sentencing him to thirty years imprisonment under S.C.Code Ann. § 44–53–370(e)(2)(e) (Supp.1999), instead of fifteen years under S.C.Code Ann. § 44–53–420 (1985). We disagree.

The indictment charged Castineira with violating section 44–53–370(e)(2)(e). The indictment alleged that the defendants:

... did ... knowingly, willingly, unlawfully, and willfully conspire, for the purpose of selling, delivering, purchasing, or bringing into this State, or providing financial assistance or otherwise aiding and abetting the sale, delivery, purchase, or bringing into this State, or the knowing actual or constructive possession, or the knowing attempt to become in actual or constructive possession of four hundred (400) grams or more of cocaine....

Castineira contends he was charged and convicted of general conspiracy to violate the drug act, requiring that his sentence be limited to one-half of the sentence required for conviction of the substantive offense of trafficking pursuant to section 44–53–420. That section reads as follows:

Any person who attempts or conspires to commit any offense made unlawful by the provisions of this article shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted; but such fine or imprisonment shall not exceed one half of the punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

S.C.Code Ann. § 44–53–420 (1985).

The trial court ruled section 44–53–420 did not apply, concluding the language in section 44–53–370 incorporates conspiracy within the substantive offense. We agree.

■ The words of a statute must be given their plain and ordinary meaning without resorting to a subtle or forced construction that limits or expands the statute's operation. *State v. Prince*, 335 S.C. 466, 517 S.E.2d 229 (Ct.App.1999). Criminal statutes must be strictly construed against the state and in favor of the defendant. *Prince*, 335 S.C. at 472, 517 S.E.2d at 232. The elementary and cardinal rule of statutory

construction is that the court must ascertain and effectuate the intent of the legislature. *Id.*

Section 44–53–370(e) provides, in applicable part, as follows:

Any person who knowingly sells, manufactures, cultivates, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, *or conspires* to sell, manufacture, cultivate, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of:

(2) ten grams or more of cocaine or any mixtures containing cocaine, as provided in Section 44–53–210(b)(4), is guilty of a felony which is known as "trafficking in cocaine" and, upon conviction, must be punished as follows if the quantity involved is:

(e) four hundred grams or more, a term of imprisonment of not less than twenty-five years nor more than thirty years with a mandatory minimum term of imprisonment of twenty-five years, no part of which may be suspended nor probation granted, and a fine of two hundred thousand dollars; ...

*Notwithstanding Section 44–53–420, a person convicted of conspiracy pursuant to this subsection must be sentenced as provided in this section with a full sentence or punishment and not one-half of the sentence or punishment prescribed for the offense.*

S.C.Code Ann. § 44–53–370(e) (Supp.1999) (emphasis added).

A plain reading of the language of section 44–53–370 establishes that the legislature intended to include conspiracy within the substantive framework of the offense of trafficking. The trafficking statute delineates conspiracy to sell, manufacture, deliver, or bring into the State more than ten grams of cocaine as a violation. Violations of this statutory offense are known as "trafficking in cocaine." *State v. Wilson,* 315 S.C. 289, 294, 433 S.E.2d 864, 867 (1993). Specifically, the language exempting trafficking convictions from the conspiracy penalty provision states that "a person convicted of conspiracy *pursuant to this subsection* must be sentenced as provided in this section." S.C.Code Ann. § 44–53–370(e) (Supp.1999) (emphasis added).

 A criminal defendant is entitled to be tried only on indicted offenses. *State v. Munn*, 292 S.C. 497, 357 S.E.2d 461 (1987). In South Carolina, "it is a rule of universal observance in administering the criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment." *State v. Gunn*, 313 S.C. 124, 136, 437 S.E.2d 75, 82 (1993) (quoting *State v. Cody*, 180 S.C. 417, 423, 186 S.E. 165, 167 (1936)). Castineira was indicted for violating section 44–53–370(e)(2)(e), including the act of conspiring with others to commit the offense, and was convicted. His sentence is within the statutorily prescribed maximum sentence allowable.

## CONCLUSION

For the foregoing reasons, the conviction and sentence are

**AFFIRMED.**

CURETON and HUFF, JJ., concur.