535 S.E.2d 465

The STATE, Respondent,

v.

Juan Carlos VASQUEZ, Appellant.

No. 3217.

Court of Appeals of South Carolina.

Heard Dec. 9, 1999.

Decided July 17, 2000.

Rehearing Denied Sept. 2, 2000.

James M. Griffin, of Simmons, Griffin & Lydon, of Columbia, for appellant.

Attorney General Charles M. Condon; Chief Jonathan E. Ozmint and Assistant Attorney Generals Anne Hunter Young and John P. Riordan, all of the State Grand Jury, all of Columbia, for respondent.

HOWARD, Judge:

In this State Grand Jury prosecution, Juan Carlos Vasquez was convicted of conspiracy to traffic in 400 or more grams of cocaine in violation of S.C.Code Ann. § 44–53–370(e)(2)(e) (Supp.1999) and sentenced to thirty years imprisonment and a $200,000 fine. On appeal, Vasquez contends the trial court erred in limiting cross-examination of the State's witness; denying his motion for directed verdict; denying a severance; and sentencing him to an illegal, excessive sentence. We affirm.

## FACTS/PROCEDURAL BACKGROUND

The prosecution of Vasquez and twenty-five co-defendants was the culmination of a two year State Grand Jury (SGJ) investigation. The investigation began in August 1993, when police arrested Michael Greer on a cocaine charge and executed a search warrant at his residence. Over the next two years, police followed the chain of Greer's suppliers, continuing to make purchases and turning those arrested into cooperating informants.

The investigation eventually led to O'Bryant (O.B.) Harris. The officers arrested O.B. on August 31, 1996, after they observed a transaction involving an undercover drug payment

of $115,000. Once arrested, Harris cooperated, identifying Jose Gustavo Castineira as his source. Officers arranged an undercover payoff to Castineira for cocaine previously supplied on September 1, 1996. Castineira and Vasquez, both Cuban residents of Miami, arrived in a Mercedes Benz driven by Castineira. After a brief (recorded) conversation in which Castineira discussed a large cocaine deal, Castineira placed the money in his vehicle. Castineira and Vasquez were then arrested.

On October 8, 1996, the SGJ indicted twenty-six defendants for conspiracy to traffic in 400 or more grams of cocaine pursuant to S.C.Code Ann. § 44–53–370(e)(2)(e) (Supp.1999). Eighteen defendants pled guilty and the remaining eight were tried together during a two-week period in late April—early May 1997, including Vasquez. The trial court denied Vasquez's motion for severance.

At the close of the State's case, Vasquez moved to dismiss the indictment, arguing there was a material variance between the conspiracy alleged in the indictment and the multiple conspiracies proved by the State at trial. He also moved for a directed verdict on the following grounds: (1) there was no evidence showing he was involved in the single conspiracy alleged; (2) his mere presence at the garage meeting did not indicate he was a co-conspirator; and (3) he could not be convicted based on the transaction at the garage because it is impossible to conspire with government agents. The trial court denied these motions. Vasquez renewed all his motions at the close of the defense and again, the trial court denied each one. The jury convicted Vasquez of conspiracy to traffic in 400 or more grams of cocaine and the trial court sentenced him to thirty years imprisonment and a $200,000 fine.

## ISSUES

**I. Whether the trial court erred in prohibiting the cross-examination of the State's witness on the witness's understanding of his plea agreement?**

**II. Whether the trial court erred in denying Vasquez's motion for a directed verdict because the State's evidence failed to establish that Vasquez was a member of the conspiracy alleged in the indictment?**

III. Whether the trial court erred in denying Vasquez's motion for a severance?

IV. Whether the trial court erred in sentencing Vasquez to a 30 year sentence and fine of $200,000 because it exceeded the maximum allowable sentence for conspiracy under S.C.Code Ann. § 44-53-420 (1985)?

## LAW/ANALYSIS

### I. CROSS-EXAMINATION

This identical issue was raised and ruled upon by this Court in *State v. Castineira*, 341 S.C. 619, 535 S.E.2d 449 (Ct.App. 2000). For the reasons set forth in that opinion, we find this argument to be without merit.

### II. DIRECTED VERDICT

■ Vasquez next argues the trial court erred in denying his motion for directed verdict because the evidence was insufficient to obtain a conviction. We disagree.

■ In considering a motion for directed verdict, a trial court is concerned only with the existence or non-existence of evidence, not its weight. *See State v. Kelsey*, 331 S.C. 50, 502 S.E.2d 63 (1998); *State v. Williams*, 303 S.C. 274, 400 S.E.2d 131 (1991). Therefore, in reviewing the denial of a directed verdict motion, this Court must view the evidence in the light most favorable to the State and affirm "if there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused...." *State v. Cooper*, 334 S.C. 540, 551-52, 514 S.E.2d 584, 590 (1999) (citing *State v. Kelsey*, 331 S.C. 50, 502 S.E.2d 63 (1998)).

The indictment alleges a single conspiracy among at least twenty-six individuals to traffic in more than 400 grams of cocaine in Greenville and Spartanburg Counties, South Carolina, Florida, and Georgia ("The Castineira Conspiracy"). We hold there was sufficient evidence to submit to the jury the conspiracy charges against Vasquez for his involvement in the Castineira Conspiracy.

■ A conspiracy is "a combination or agreement between two or more persons for the purpose of accomplishing a

criminal or unlawful object...." *State v. Gunn*, 313 S.C. 124, 133–34, 437 S.E.2d 75, 80 (1993), *cert. denied*, 510 U.S. 1115, 114 S.Ct. 1063, 127 L.Ed.2d 383 (citing *State v. Ameker*, 73 S.C. 330, 53 S.E. 484 (1906)); *see also* S.C.Code Ann. § 16–17–410 (Supp.1999); *State v. Wilson*, 315 S.C. 289, 433 S.E.2d 864 (1993). The gravamen of conspiracy is the *agreement* or *mutual understanding*. *Gunn*, 313 S.C. at 134, 437 S.E.2d at 80; *Wilson*, 315 S.C. at 294, 433 S.E.2d at 868 (emphasis added). Therefore, we focus here on the sufficiency of the agreement between alleged conspirators. As our supreme court has said:

> What is required is a *shared*, single criminal objective, not just similar or parallel objectives between similarly situated people.... It is not enough that a group of people separately intend to distribute drugs in a single area, nor enough that their activities occasionally or sporadically place them in contact with each other. People in the same industry in the same locale (even competitors) can occasionally be expected to interact with each other without thereby becoming coconspirators. What is needed is proof they intended to act *together* for their *shared mutual benefit* within the scope of the conspiracy charged.

*Gunn*, 313 S.C. at 134, 437 S.E.2d at 80–81 (citation omitted).

Our review of the sufficiency of the evidence must be viewed in the light most favorable to the State. *State v. Sullivan*, 277 S.C. 35, 282 S.E.2d 838 (1981). However, we must exercise caution to ensure proof is not obtained "by piling inference upon inference." *Gunn*, 313 S.C. at 134, 437 S.E.2d at 81 (citation omitted).

The record reflects the following evidence against Vasquez. It is undisputed that Vasquez accompanied Castineira to the meeting arranged at Harris Brothers' Garage. Despite O.B. Harris's assertion that Vasquez did not say anything during the transaction, O.B. Harris testified that he first met Vasquez in 1992 or 1993, when Castineira introduced them. Thereafter, O.B. Harris saw Vasquez regularly when he was "delivering the merchandise with [Castineira]." O.B. further stated Vasquez delivered cocaine for Castineira and picked up money for him from cocaine transactions. In essence, Vasquez was described as a "mule" who would carry the cocaine or pick up

the money for Castineira. For example, O.B. Harris stated, "[Castineira] would not ride with [Vasquez]. [Castineira] would follow him in another vehicle ... [or] would fly to Atlanta and someone would pick him up from the airport."[1] O.B. Harris also related that Castineira and Vasquez stayed at the "stash house" owned by O.B.'s "close lady friend" whenever they were in town, using it to rest, count money, make phone calls, and store drugs. Castineira had both a key and a garage door opener for the stash house. Finally, O.B. testified he received three to five kilos a week from Castineira and that he saw Vasquez in connection with the delivery of the cocaine or the money "mostly on every occasion."

The evidence presented at trial of Vasquez's involvement in the Castineira Conspiracy was substantial, and clearly sufficient to justify sending the case to the jury.

 Vasquez also argues there is a material variance between the conspiracy alleged and the conspiracy for which he was convicted. In particular he asserts he was not part of the conspiracy alleged because no evidence tied him to "23 of the 25 named defendants." Even if correct, however, this argument fails. "Once a conspiracy has been established, evidence establishing beyond a reasonable doubt the connection of a defendant to the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy." *State v. Horne*, 324 S.C. 372, 382, 478 S.E.2d 289, 294 (Ct.App.1996) (citing *State v. Sullivan*, 277 S.C. 35, 282 S.E.2d 838 (1981)). Further, "the acts and declarations of any conspirator made during the conspiracy and in furtherance thereof are deemed to be the acts and declarations of every other conspirator and are admissible against all." *Id.* (quoting *Sullivan*, 277 S.C. at 42, 282 S.E.2d at 842). Vasquez was undeniably intertwined in the Castineira Conspiracy and the evidence of this was sufficient to send the case to the jury.

## III. SEVERANCE

Third, Vasquez argues the trial court erred in denying his motion for severance. Vasquez's argument as to severance is

---

1. At trial a witness translated part of the surveillance video, wherein Castineira leaned over to Vasquez and said, "I meet you at the hotel with the car."

identical to that raised and ruled upon by this Court in *State v. Castineira*, 341 S.C. 619, 535 S.E.2d 449 (Ct.App.2000). For the reasons set forth in that opinion, we find this argument to be without merit.

## IV. SENTENCING

Vasquez's final issue is identical to that raised and ruled upon by this court in *State v. Castineira*, 341 S.C. 619, 535 S.E.2d 449 (Ct.App.2000). For the reasons set forth in that opinion, we find this argument to be without merit.

For the reasons set forth in this opinion, Vasquez's conviction and sentence are

**AFFIRMED.**

CURETON and HUFF, JJ., concur.