THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT 
 BE CITED OR RELIED ON IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Edward Littles       
Appellant.
 
 
 

Appeal From Marlboro County
John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2004-UP-242
Submitted October 15, 2003  Filed April 
 15, 2004

AFFIRMED

 
 
 
Edward Littles, Jr., pro se Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy 
 Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Donald J. Zelenka, Assistant Attorney General Melody J. 
 Brown, all of Columbia; and Solicitor Jay E. Hodge, Jr., of Darlington,
for Respondent. 
 
 
 

PER CURIAM: Littles was 
 indicted for murder.  The case was called for trial on February 12, 2002.  After 
 jury selection, the judge adjourned court for the day.  Littles was allowed 
 to stay on bond, but the court informed Littles that failure to appear at the 
 trial would not delay the trial from moving forward.  On February 13, 2002, 
 Littles did not return to court.  On February 14, 2002, Littles returned for 
 the second day of trial.  The jury convicted him of murder.  The judge sentenced 
 Littles to 40 years imprisonment.  This appeal follows.
FACTS
The victim, Harold 
 Richard Williams, owned a small store and poolroom in Bennettsville, South Carolina.  
 On August 11, 1999, the victims wife, Kathy Moody, went to the store to see 
 the victim and pick up supplies for a planned outing scheduled for the following 
 day.  When Ms. Moody arrived, a group of men were at the store, including Edward 
 Littles, Jr.  Some members of the group were playing pool; Mr. Littles was observing 
 them play.  
At some point later, 
 Littles, Maurice McNeil and a man named Shawn (whose last name was unknown) 
 were outside in the middle of the street. They were involved in an altercation.  
 Littles approached McNeil and Shawn as they were crossing the street.  Littles 
 called to McNeil and stated All I asked you to do is buy me a beer. Shawn 
 returned to where Littles and McNeil were talking and informed Littles that 
 he was trying to get home and did not want any trouble. Littles pointed his 
 gun at Shawn and told him that he was not speaking to him.  Shawn ran away, 
 while McNeil stood there.  Eventually, Littles and McNeil returned to the inside 
 of the store so that McNeil could return a paged call.  
Once McNeil and Littles were 
 inside the store, McNeil used the telephone. When McNeil picked up the telephone 
 and started dialing, Littles came around to where the phone was and pulled 
 McNeils hand off the telephone and pulled McNeil away from the phone.  At that 
 point, McNeil and Littles began fighting.  Williams pulled out a gun and requested 
 Littles leave.  Littles got crazy, loud and said that he was not afraid of 
 the gun.  Williams picked up his gun and struck Littles on the forehead and 
 pushed him out the door.  As Williams was pushing Littles out the door 
 the clip fell from Williams gun.  
Littles returned and threatened 
 to shoot Moody, then shot Williams.  After shooting Williams, Littles 
 went outside.  After Littles left, there were several shots outside.  Littles 
 returned to the store and fired several shots into Williams, who was on the 
 floor. Williams was pronounced dead at the scene.   
The case was called for trial 
 on February 12, 2002. Prior to the beginning of the trial, the judge allowed 
 Littles to remain on bond.  However, the judge admonished Littles that the trial 
 would proceed whether Littles was present.  Littles did not show for the second 
 day of trial and the trial proceeded and testimony was completed.  Littles returned 
 before closing arguments on the last day of trial.  He was convicted of murder 
 and sentenced to forty (40) years.  Littles appeals.
ISSUES 

 1.                 
 Did the trial court err in proceeding with the trial in abstentia?
 2.                 
 Did the trial court err in denying Appellants motion for directed verdict on 
 the grounds of lack of evidence?

LAW/ANALYSIS
1. Trial In Abstentia
Littles asserts the trial court erred in trying 
 him in absentia. We disagree.  
Rule 16 of the South Carolina Rules of Criminal 
 Procedure provides:  

Except in cases wherein capital 
 punishment is a permissible sentence, a person indicted for misdemeanors and/or 
 felonies may voluntarily waive his right to be present and may be tried in his 
 absence upon a finding by the court that such person has received notice of 
 his right to be present and that a warning was given that the trial would proceed 
 in his absence upon a failure to attend the court.   

Rule 16, SCRCrimP.  
A trial judge must determine a criminal defendant 
 voluntarily waived his right to be present at trial in order to try the case 
 in absentia.  See Rule 16, SCRCrimP; State v. Castineira, 
 341 S.C. 619, 623, 535 S.E.2d 449, 451 (Ct.App. 2000)  The judge must make 
 findings of fact on the record that the defendant (1) received notice of his 
 right to be present; and (2) was warned he would be tried in his absence should 
 he fail to attend. Castineira, 341 S.C. at 623, 535 S.E.2d 451; State 
 v. Jackson, 288 S.C. 94, 96, 341 S.E.2d 375 (1986).
The record establishes the trial judge made the 
 requisite inquiries and findings; and counsel stipulated that Littles received 
 the proper notice, not only from the court, but also from counsel himself. Therefore, 
 this issue is without merit.
2.       Directed Verdict Motion
Although Littles raises the denial of the directed 
 verdict motion in his statement of the issues on appeal, he failed to argue 
 it in his brief. An issue raised on appeal but not argued in the brief is deemed 
 abandoned and will not be considered by the appellate court.  Fields v. 
 Melrose Ltd. Partnership, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct.App. 
 1993).
CONCLUSION
For the foregoing reasons, the trial courts 
 ruling is 
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.