THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Vander McCray, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Horry County
Roger M. Young, Trial Judge
John L. Breeden, Jr., Post-Conviction
 Judge
Memorandum Opinion No. 2008-MO-006
Submitted January 23, 2008  Filed January
 28, 2008                   
REVERSED AND REMANDED

 
 
 
 Appellate Defender Kathrine H. Hudgins, South Carolina Commission
 on Indigent Defense, Division of Appellate Defense, of Columbia, for
 Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and
 Assistant Attorney General Dean Grigg, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks
 a writ of certiorari from the denial of his application for post-conviction
 relief (PCR).  We deny the petition as to petitioners Question 2.
Because
 there is sufficient evidence to support the PCR judges finding that petitioner
 did not knowingly and intelligently waive his right to a direct appeal, we
 grant certiorari on petitioners Question 1, dispense with further briefing, and
 proceed with a review of the direct appeal issue pursuant to Davis v. State,
 288 S.C. 290, 342 S.E.2d 60 (1986).
Petitioner
 argues the trial judge erred in trying him in absentia when there
 was evidence his failure to appear for trial was not willful.  Petitioner
 further argues the trial judge failed to make a finding that petitioner had
 been warned he would be tried in his absence should he fail to appear.  We hold
 the trial judge failed to make a finding that petitioner was warned the trial
 would proceed in his absence if he failed to appear.  Rule 16, SCRCrimP; State
 v. Castineira, 341 S.C. 619, 535 S.E.2d 449 (Ct. App. 2000).  Accordingly,
 we reverse petitioners convictions and remand for a new trial. 
REVERSED
 AND REMANDED.
TOAL,
 C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.