THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Horace Abney,
 Jr., Appellant.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court Judge
John C. Few, Circuit Court Judge
Unpublished Opinion No.  2010-UP-414
Submitted September 1, 2010  Filed
 September 20, 2010
AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Christina J. Catoe, of Columbia; and Solicitor Robert M.
 Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Horace
 Abney, Jr. appeals his conviction for trafficking cocaine and thirty-year
 sentence, arguing the trial court erred in denying his motion for a new trial
 and motion to dismiss pursuant to the Interstate Agreement on Detainers[1] (IAD).  We affirm[2] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1.  As
 to whether the trial court erred in denying Abney's new trial motion: State v. Garrett, 350 S.C. 613,
 619, 567 S.E.2d 523, 526 (Ct. App. 2002) (stating generally, the grant or
 refusal of a new trial is within the trial court's discretion and will not be
 disturbed on appeal absent a clear abuse of that discretion); State v.
 Williams, 292 S.C. 231, 232, 355 S.E.2d 861, 862 (1987) (finding an error
 in trying a defendant in his absence is subject to a harmless error analysis); see
 also State v. Shuler, 344 S.C. 604, 626, 545 S.E.2d 805, 816 (2001)
 (finding a defendant's absence during a Jackson v. Denno, 378 U.S. 368
 (1964), hearing, if error, was harmless in light of the overwhelming evidence
 of guilt and the defendant's inability to contribute evidence that was not
 presented during his trial).
2.  As
 to whether the trial court erred in denying Abney's motion to dismiss pursuant
 to the IAD:  Carchman v. Nash, 473 U.S. 716, 725 (1985) ("The language of the
 [IAD] therefore makes clear that the phrase 'untried indictment, information or
 complaint' in Art. III refers to criminal charges pending against a
 prisoner.").
AFFIRMED.
WILLIAMS,
 PIEPER, and KONDUROS, JJ., concur.  

[1] S.C. Code Ann. § 17-11-10 (2003).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.