THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Anthony Tyrone Williamson, Appellant.
 
 
 

Appeal From Florence County
 Ralph King Anderson, Jr., Circuit Court
Judge

Unpublished Opinion No. 2012-UP-089   
 Submitted February 1, 2012  Filed
February 22, 2012

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General David Spencer, all of Columbia; and
 Solicitor E.L. Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM: In this consolidated appeal, Anthony
 Tyrone Williamson appeals his convictions for two counts of trafficking in
 cocaine base and possession of cocaine base within a proximity of a school or
 park.  Williamson argues the trial court erred in: (1) proceeding with his
 first trial although he was not represented by counsel; (2) proceeding with his
 first trial in absentia without meaningfully informing him his trial would be
 conducted despite his absence; and (3) denying his motion for a mistrial.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to Williamson's
 issues concerning his right to counsel and his being tried in absentia:  State
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues
 not raised and ruled upon in the trial court will not be considered on
 appeal."); State v. Williams, 292 S.C. 231, 232, 355 S.E.2d 861,
 862 (1987) ("In order to claim the protection afforded by [Rule 16,
 SCRCrimP], a defendant or his attorney must object at the first opportunity to
 do so.").  
2.  As to
 Williamson's motion for a mistrial:  State v. Harris, 340 S.C. 59, 63,
 530 S.E.2d 626, 628 (2000) (stating a defendant must show both error and
 prejudice resulting from such error to receive a mistrial); State v. White,
 371 S.C. 439, 447-48, 639 S.E.2d 160, 164 (Ct. App. 2006) ("Insubstantial
 errors that do not impact the result of a case do not warrant a mistrial when
 guilt is conclusively proven by competent evidence.").  
AFFIRMED.
FEW, C.J.,
 HUFF and SHORT, J.J., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.