808 S.E.2d 821

**The STATE, Respondent,**

v.

**Stanley Lamar WRAPP, Appellant.**

**Appellate Case No. 2015-000909**
**Opinion No. 5510**

Court of Appeals of South Carolina.

Heard May 4, 2017

Filed August 16, 2017

Rehearing Denied January 18, 2018

Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

MCDONALD, J.:

Stanley Lamar Wrapp appeals his convictions for possession with intent to distribute (PWID) cocaine base and driving under suspension (DUS), arguing the circuit court failed to make the required findings that he had proper notice of his trial date and that his absence was voluntary before trying him *in absentia*. We reverse and remand for a new trial.

**Facts and Procedural History**

On October 17, 2013, Greenwood County Drug Enforcement (GCDE) officers initiated a traffic stop and arrested Wrapp for driving with a suspended license. When Wrapp was searched incident to the arrest, the officers found crack cocaine in his pocket. A subsequent search of Wrapp's vehicle uncovered more crack, a set of digital scales, and a razor knife like those commonly used to cut crack cocaine. Wrapp was charged with DUS and trafficking in crack cocaine.

On October 18, 2013, Wrapp signed bond paperwork showing his court date was December 6, 2013, and providing "[i]f no disposition is made during that term, the defendant shall appear and remain throughout each succeeding term of court until final disposition is made of his case." The paperwork also stated, "I understand and have been informed that I have a right and obligation to be present at trial and should I fail to attend the court, the trial will proceed in my absence."

On July 14, 2014, Wrapp's case was called for trial before the Honorable William P. Keesley. Wrapp's trial counsel asked for a continuance, in part, so he could have more time to

investigate an issue regarding a confidential informant (the CI). Judge Keesley granted the continuance.

On Monday, September 29, 2014, Wrapp's case was re-called for trial before the Honorable Thomas A. Russo. After jury selection, trial counsel moved for a continuance because Wrapp was not present. Trial counsel stated, "I don't have personal knowledge of why he isn't here. I don't know if ... his absence is voluntary or involuntary." In response, the State asserted that following the July 2014 continuance, the solicitor told Wrapp "that his case would be called for trial the next time we could get to it." The State also contended that during this conversation the solicitor told Wrapp he would not make any deals after the week of July 14. Finally, the State asserted it was contacted three weeks prior to trial by a private attorney whom Wrapp had asked to represent him. Subsequently, this attorney "declined to get involved due to the fact that [the case] was up for trial." Upon inquiry, trial counsel responded that he did not know whether this attorney had informed Wrapp of his upcoming trial date.

The circuit court noted a bench warrant had been issued for Wrapp, and trial counsel confirmed that the public defender's office had an investigator looking for him. In response, the circuit court stated,

> [T]he difficult thing is you led off with this observation that is we don't know whether his absence here today is a voluntary or not voluntary absence. I don't know what his situation is or why he's not here. But it does appear that he was noticed to be here. For whatever reason[,] he's not here. I don't really have a valid reason. I don't see any purpose that would be served in continuing the case.... [I]f he makes himself unavailable, that's—I just don't know that you can make yourself unavailable and then use that as a basis for getting a continuance granted.... So I'm going to respectfully deny the motion for a continuance. I hope your investigator finds him this afternoon or this evening and then he can show up and be of assistance to you. But we're going to go ahead and proceed whether he's present or not.

Trial counsel asked for a delay until Wednesday, October 1, but the circuit court declined, stating it would begin Wrapp's trial at 9:30 a.m. on Tuesday, September 30. Trial counsel

objected, stating, "For the record.... I don't feel like Mr. Wrapp has been adequately noticed and we object to going to trial." The circuit court responded, "Alright. Well, we'll start back at 9:30 in the morning."

The trial took place on September 30, 2014, and the jury convicted Wrapp of DUS and possession with intent to distribute cocaine base. Wrapp was sentenced to twenty years' imprisonment on the PWID charge and sixty days' imprisonment for DUS. These sentences were sealed and later read to Wrapp in court on March 30, 2015.

## Standard of Review

"In criminal cases, the appellate court sits to review errors of law only." *State v. Ravenell*, 387 S.C. 449, 454, 692 S.E.2d 554, 557 (Ct. App. 2010). "An appellate court is bound by the trial court's factual findings unless they are clearly erroneous." *Id.*

## Law and Analysis

"The trial court's denial of a motion for a continuance will not be disturbed on appeal absent a clear abuse of discretion." *Id.* at 455, 692 S.E.2d at 557. "It is well established that, although the Sixth Amendment of the United States Constitution guarantees the right of an accused to be present at every stage of his trial, this right may be waived, and a defendant may be tried in his absence." *Id.* "A trial judge must determine a criminal defendant voluntarily waived his right to be present at trial in order to try the defendant in his absence." *Id.* at 455, 692 S.E.2d at 557–58. "The judge must make findings of fact on the record that the defendant (1) received notice of his right to be present and (2) was warned he would be tried in his absence should he fail to attend." *Id.* at 456, 692 S.E.2d at 558.

Rule 16, SCRCrimP, also outlines the required process:

Except in cases wherein capital punishment is a permissible sentence, a person indicted for misdemeanors and/or felonies may voluntarily waive his right to be present and may be tried in his absence upon a finding by the court that such person has received notice of his right to be present and that a warning was given that the trial would proceed in his absence upon a failure to attend the court.

 We hold the circuit court erred in trying Wrapp *in absentia* without making specific findings that Wrapp (1) received notice of his right to present, and necessarily, of the term of court for which he needed to be present, and (2) was warned he would be tried *in absentia* if he failed to attend. Initially, we are not persuaded by the State's argument that this issue is unpreserved. Although trial counsel did not specifically object to the circuit court's failure to make these factual findings, he moved for a continuance and objected to the trial proceeding due to the lack of adequate notice to Wrapp. *Cf. Ravenell*, 387 S.C. at 456–57, 692 S.E.2d at 558 (addressing the merits when trial counsel moved for a continuance but did not specifically object to a trial *in absentia* and never asserted that his client failed to receive adequate notice or warnings).

In determining the trial would proceed in Wrapp's absence, the circuit court stated, "I don't know what his situation is or why he's not here. But it does appear that he was noticed to be here. For whatever reason he's not here. I don't really have a valid reason. I don't see any purpose that would be served in continuing the case. . . . " Even if we were to construe this as a finding that Wrapp received notice of his right to be present, there was no finding that Wrapp was informed he could be tried *in absentia*.[1] Thus, Wrapp cannot be said to have voluntarily waived his right to be present at trial. *See State v. Ritch*, 292 S.C. 75, 76, 354 S.E.2d 909, 909 (1987) (finding error and reversing when a trial court failed to make required findings that an appellant received notice of his right to be present at trial and a warning that he would be tried in his absence should he fail to attend).

In addition to the circuit court's failure to make the requisite factual findings, the record is devoid of any fact indicating Wrapp had actual notice of the term of court in which his trial would occur. *See Ravenell*, 387 S.C. at 456, 692 S.E.2d at 558 ("[N]otice of the term of court in which a defendant will be tried is sufficient notice to enable the defendant to make an effective waiver of his right to be present at his trial."); *see*

---

1. We acknowledge Wrapp was provided the *"in absentia"* notice on his bond form. But the circuit court made no such finding and acknowledged that it had no information as to whether Wrapp's absence was voluntary.

*also Ellis v. State*, 267 S.C. 257, 261, 227 S.E.2d 304, 306 (1976) (stating a defendant will not know the day and time of trial until shortly before trial begins). Neither the solicitor's July 2014 statement to Wrapp that he would be tried "the next time [the State] got to it" nor the language in the bond form notified Wrapp of the term of court in which he would be tried. Further, neither party presented any direct evidence— such as a subpoena or a statement from trial counsel— indicating Wrapp had notice of the term of court in which his case would be tried. In fact, the parties were unclear as to that circuit's normal procedure for noticing defendants. *See City of Aiken v. Koontz*, 368 S.C. 542, 547, 629 S.E.2d 686, 689 (Ct. App. 2006) ("If the record ... does not include evidence to support a finding that the defendant was afforded notice of his trial, the resulting conviction *in absentia* cannot stand."). It seems logical that for one to voluntarily fail to attend trial or otherwise waive his trial appearance, one must actually know when the trial is to occur.

The State urges us to find any error in this process was harmless. However, we need not undertake a harmless error analysis when, as here, the trial court erred in failing to make the requisite findings and the record is devoid of facts allowing us to discern whether Wrapp had notice of the term of court. *See State v. Jackson*, 290 S.C. 435, 436–37, 351 S.E.2d 167, 167 (1986) (remanding for a new trial because there was no evidence in the record that the defendant was given notice of his trial and neither defendant nor his counsel were present at trial); *State v. Simmons*, 279 S.C. 165, 166–67, 303 S.E.2d 857, 858–59 (1983) (remanding for a new trial because the record was devoid of facts showing defendants had notice of their trial); *see also Ritch*, 292 S.C. 75, 354 S.E.2d 909; *State v. Fleming*, 287 S.C. 268, 335 S.E.2d 814 (1985). Accordingly, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**

GEATHERS and HILL, JJ., concur.