**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Phillip Wesley Walker, Appellant.

Appellate Case No. 2017-002204

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2020-UP-290
Heard September 10, 2020 – Filed October 14, 2020

**AFFIRMED**

E. Charles Grose, Jr., of Grose Law Firm, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, all for Respondent.

**PER CURIAM:** After a trial held in his absence, a jury convicted Phillip Wesley Walker of armed robbery and possession of a weapon during the commission of a

violent crime. On appeal, he argues the trial court erred by denying his motion to continue the trial. We affirm.

## I.

An Anderson County grand jury indicted Walker for armed robbery and possession of a weapon during the commission of a violent crime, alleging he stole $240 from a Family Dollar Store while brandishing a gun at an employee. Before trial, the trial court explained it intended to deny Walker's counsel's motion for a continuance made in chambers and indicated Walker's counsel should renew the motion on the record. On the record, Walker's counsel stated,

> I move for a continuance based on that [Walker] is not here. The best alternative is for the State to wait and try him when he is here. And based on that, I've been in contact with him. I don't have any idea why he's not here. I don't understand why he's not here, but I'd ask the Court for a continuance.

The trial court denied the motion.

Right before trial began, Walker's counsel renewed his continuance request based on Walker's absence, which the trial court again denied. The jury found Walker guilty on both indictments, and the trial court sealed his sentence. When Walker was located, the trial court unsealed the sentence and sentenced Walker to concurrent sentences of twenty years' imprisonment for armed robbery and five years' imprisonment for possession of a weapon during the commission of a violent crime.

## II.

Walker contends the trial court erred by denying his continuance motion and trying him in his absence because it did not make findings required by Rule 16, SCRCrimP, that he received: (1) notice of his right to be present at trial *and* (2) a warning he would be tried in his absence if he failed to appear. *See, e.g.*, *State v. Wrapp*, 421 S.C. 531, 535, 808 S.E.2d 821, 823 (Ct. App. 2017). The State asserts Walker failed to raise this issue to the trial court, and it is therefore unpreserved for appellate review. We agree.

Walker's Rule 16, SCRCrimP objection is not preserved because he did not specifically object to a trial *in absentia* or argue to the trial court that he did not

receive notice of the trial or was unaware the trial would proceed in his absence. A motion for a continuance is not in itself enough to preserve a Rule 16, SCRCrimP objection. *See State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) (providing a defendant must make a contemporaneous objection on a specific ground to preserve an error for appellate review); *State v. Williams*, 292 S.C. 231, 232, 355 S.E.2d 861, 862 (1987) ("In order to claim the protection afforded by [former] Criminal Practice Rule 3, a defendant or his attorney must object at the first opportunity to do so."); *id.* at 232–33, 355 S.E.2d at 862 (holding "neither appellant nor his attorney objected to the trial having begun in appellant's absence. Any error under [Rule 16, SCRCrimP,] was therefore waived"); *cf. State v. Ravenell*, 387 S.C. 449, 456–57, 692 S.E.2d 554, 558 (Ct. App. 2010) (noting it was "arguable" Ravenell's motion for a continuance was insufficient to constitute an objection to trial in absence but nevertheless addressing merits on appeal and concluding trial court made requisite Rule 16 findings); *Wrapp*, 421 S.C. at 536, 808 S.E.2d at 823 (finding continuance motion coupled with objection "to the trial proceeding due to the lack of adequate notice to Wrapp" enough to preserve objection on appeal). Walker's counsel proposed no good cause for a continuance, and therefore, the trial court's ruling denying his request for one was within the wide bounds discretion sets, and we discern no legal or factual error. *See State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957) ("[R]eversals of refusal of continuance are about as rare as the proverbial hens' teeth."); Rule 7, SCRCrimP (providing continuance may granted "only upon a showing of good and sufficient legal cause").

**AFFIRMED.**

**THOMAS, HILL, and HEWITT, JJ., concur.**