## 18117

The STATE, Respondent, v. W. E. YOUNG, Appellant

(133 S. E. (2d) 210)

*Messrs. Finney & Gray,* of Sumter, and *Jenkins & Perry,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *E. N. Brandon, Assistant Attorney General,* of Columbia, and *Leonard A. Williamson, Solicitor,* and *George A. Grant,* of Aiken, *for Respondent,*

November 4, 1963.

Moss, Justice.

W. E. Young, the appellant herein, was indicted by the Grand Jury of Aiken County, at the 1962 May term of the Court of General Sessions, and charged in one indictment with the crimes of (1) assault and battery of a high and aggravated nature; (2) assault and battery with intent to kill; (3) pointing a pistol at a person; and (4) grand larceny. The case came on for trial before the Honorable J. B. Ness, and a jury, on May 14, 1962. During the course of the trial and before the case was submitted to the jury, all charges against the appellant were eliminated except the charge of assault and battery of a high and aggravated nature. The appellant was convicted of this latter offense and sentenced to serve a term of six years in the State Penitentiary. Due notice of intention to appeal to this Court was given.

The first question for determination is whether the trial Judge erred in refusing to grant a continuance in accordance with the appellant's motion.

This case was first called for trial on May 7, 1962 and was continued until May 8, 1962 at the request of the at-

torney for the appellant. The case was again called for trial at the opening of court on the morning of May 8, 1962 and, at such time, a motion for a continuance was made on the ground that the appellant was physically unable to stand trial, due to a fall suffered while he was leaving his attorney's office the night before. It was stated that the appellant was in the Veterans Hospital in Augusta, Georgia. The trial Judge continued the case until 2:30 P.M. of that day and directed an investigation to be made as to the physical condition of the appellant. A hearing was held by the trial Judge, in Chambers, on May 8, 1962, to determine whether the appellant was physically able to go to trial. A certificate was presented from the Veterans Hospital of Augusta, Georgia, certifying that the appellant was admitted to the hospital at 2:00 A.M. on May 8, 1962, "as a sleeper" and that after observation and x-ray it was determined that he was not in need of hospitalization and was released to go home. There was also a certificate from Dr. R. S. Weston, Sr. that the appellant had been admitted to the University Hospital at Augusta, Georgia, and was under heavy sedation because of his general painful condition. Dr. H. D. Wyman testified that he examined the appellant on the night of May 7, 1962, and found him suffering from no injuries. Dr. Thomas J. Lattimore testified that he examined the appellant on May 8, 1962, at the request of the Court, and stated that the appellant was able to stand trial without any danger. This case was again called for trial on May 9, 1962, and counsel advised the Court that the appellant had stated the only way he could come into court was on a stretcher and in traction. The case was then continued until May 14, 1962, at which time the case was called for trial, and a motion was again made to continue the case. The Court directed that the trial proceed and found that the appellant was physically able at the time to stand trial.

This Court has held in numerous cases that a motion for a continuance is addressed to the discretion of the trial Judge and his disposition of such motion will

not be reversed unless it is shown that there was an abuse of such discretion to the prejudice of the appellant. *State v. Britt, et al.,* 235 S. C. 395, 111 S. E. (2d) 669, and *State v. Homewood,* 241 S. C. 231, 128 S. E. (2d) 98. In the cases of *State v. Francis,* 152 S. C. 17, 149 S. E. 348, 70 A. L. R. 1133; *State v. Rickenbaker,* 138 S. C. 24, 135 S. E. 651; and *State v. Whitener,* 228 S. C. 244, 89 S. E. (2d) 701, this Court held that there was no abuse of discretion in refusing to continue case because of the defendant's physical condition. We find no abuse of discretion on the part of the trial Judge in refusing the motion of the appellant for a continuance in view of the testimony of the physicians as to the physical condition of the appellant and that he was able to stand trial without any danger.

The appellant charges the trial Judge with error in permitting irrelevant testimony of the witnesses Dr. H. D. Wyman, Dr. H. A. Langston and D. G. Vess, on the ground that such testimony was not relevant to any issue on trial and such testimony was not in reply. We need not consider whether the evidence given by these witnesses should have been excluded because appellant's counsel cross-examined these witnesses concerning their testimony without reservation of his objection. The objection was thereby lost and if any error had been committed in the admission of the testimony of these witnesses it was cured. *State v. Cavers,* 236 S. C. 305, 114 S. E. (2d) 401; *State v. Puckett,* 237 S. C. 369, 117 S. E. (2d) 369, and *State v. Bass,* 242 S. C. 193, 130 S. E. (2d) 481. This exception is overruled.

The appellant asserts that the Court of General Sessions of Aiken County lacked jurisdiction to try him for the crime of assault and battery of a high and aggravated nature. This question of jurisdiction was not raised by the appellant at the time of his trial. Even though he did not raise the question of jurisdiction in the lower Court, objection to the jurisdiction of the subject matter may be taken advantage of at any stage of the proceeding. *State v. Grant,* 34 S. C. 109, 12 S. E. 1070.

The original record filed in this Court did not contain a copy of the indictment. Upon motion of the appellant we permitted such indictment to be made a part of the record and it charges that on March 19, 1962, that W. E. Young, the appellant, in and upon one James A. Rish, with his hands and fists, did make an assault, and with said hands and fists did "hit, strike and beat, and then and there did wound and ill treat, thereby committing an assault and battery of a high and aggravated nature upon the said James A. Rish, against the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The Court of General Sessions has jurisdiction to try ▇ a defendant charged with an assault and battery of a high and aggravated nature. *State v. Beadon,* 17 S. C. 55, and *State v. Smalls,* 17 S. C. 62. The indictment in this case, on its face, charges such an offense. It is the position of the appellant that in the indictment in this case there is no allegation as to use of a deadly weapon; there is no allegation as to the inflicting of serious bodily harm; there is no allegation of intent to commit a felony; there is no allegation that a great disparity existed between the parties insofar as ages or physical condition is concerned, and there is no allegation of resistance of lawful authority or any other of the elements necessary to constitute the offense of assault and battery of a high and aggravated nature. This position of the appellant, in our judgment, is directed to the sufficiency of the indictment rather than to the jurisdiction of the Court to try the offense charged. The indictment here charges an assault and battery of a high and aggravated nature in general terms. The irregularities in the indictment of which the appellant complains are not jurisdictional. The defects or irregularities of which the appellant now complains were apparent on the face of the indictment, and the objection to the sufficiency of the indictment was waived by the failure of the appellant to demur thereto or to make a motion to quash the same before the

jury was sworn, as required by Section 17-409 of the 1962 Code, which provides: "Every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards." The appellant, having failed to properly raise the issue below is precluded from doing so here. *State v. Jacobs*, 238 S. C. 234, 119 S. E. (2d) 735.

There are numerous instances in the record where the attorney representing the appellant stated that count 1 charged the appellant with assault and battery of a high and aggravated nature. At no place in the record did the trial attorney, who does not represent the appellant in this Court, suggest or take the position that the indictment was insufficient to charge the appellant with the crime of an assault and battery of a high and aggravated nature. The record shows that the trial attorney requested the trial Judge to instruct the jury, which was done, as follows:

"I was going to ask your Honor to charge that the only element making any aggravation to the assault and battery with which the defendant was charged was that of resisting lawful authority, and unless they find that the defendant resisted lawful authority, then he would not be guilty of assault and battery of a high and aggravated nature."

We point out that there is no objection to the charge of the trial Judge. In fact, the trial attorney, at the close of the instructions to the jury, stated to the Court: "I think your Honor correctly charged the law, and fairly charged the law."

We conclude that there is no merit to the contention that the Court below did not have jurisdiction to try the appellant for an assault and battery of a high and aggravated nature.

The only other question for determination is whether the Court erred in not directing a verdict in favor of the appellant. In considering whether the Court

below erred in not directing a verdict in favor of the appellant, we must view the testimony in the light most favorable to the State. In passing upon a motion for a directed verdict, the Court is concerned with the existence or nonexistence of evidence, not with its weight. If there is any competent evidence which reasonably tends to prove the fact in issue, the case must be submitted to the jury for determination. *State v. Prince,* 240 S. C. 96, 124 S. E. (2d) 778. The testimony in behalf of the State was that James A. Rish, a member of the South Carolina Highway Patrol, on the night of March 19, 1962, while on duty, in uniform, observed the appellant driving an automobile without any tail lights. The officer followed the appellant to his home and stopped his patrol car across the back of the driveway behind the appellant's car. The officer asked the appellant what was wrong with his tail light. The appellant explained that the tail lights were on a separate switch and were not connected with the head lights. The officer inspected the driver's license of the appellant and told him that he would have to write him a warning ticket for the defective tail lights. This officer testified that he went to his patrol car to get the book to prepare the warning ticket and just as he completed the preparation of such ticket, the appellant made the statement that he had had a prior warning ticket for improper parking and he exhibited such. Rish looked at such ticket and handed it back to him. At this time the appellant, according to Rish, said: "He didn't have to bow down to no God damn body, and I told him, I said fellow as long as you do halfway right, or do anything right, nobody expects you to bow down to them."

Immediately following this happening, Patrolman Rish testified as to what the appellant said and did, as follows:

"He said, 'Yeah,' and at that time he was standing approximately three feet off sort of to my left, he made a leap towards me, the door was open, the left door was open to the car, knocking me down, my right arm went in the car on the floor board with the rocker panel under my arm.

This arm was back here (indicating) and he was on top of me. He hit me one time on the forehead with his fist, or hand, whatever, and taking his left hand and run it around underneath where my body was not on the ground, unsnapped my holster, taking my service revolver, backed off a few feet, approximately four feet from the car and pulled it on me. He said, 'you're at my place and you'll do what I say, I'm going to kill you, you son-of-a-bitch.' He said 'you'll listen to what I tell you to do.' He said, 'you leave, you're at my place.' At that time he pulled the hammer back taking his left hand, with it drawed on me, pulled the hammer back on the gun and told me again, 'I'm going to kill you, you son-of-a-bitch.' At that time I dropped down in the car, reached over picked up the mike to the radio and called Corporal Hayes, which is the County Corporal. He answered but I was unable to read his reply, so the station relayed the message for me. When Young heard the station answer me back, he broke and run. I ran a few feet and then turned and come back and told the station where my location, the better location, where I'd had the trouble with this fellow, this defendant which I had charged, and that he had taken my gun."

This officer further testified that his revolver was loaded at the time the appellant pointed it at him. He testified that his injuries consisted of bruises on his forehead and arm, and on the ribs under his right arm, and that his knee was skinned.

The appellant testified and claimed that Officer Rish accused him of some previous misconduct; tried to get him out of his front yard and, with threats, drew his gun on him. He also testified that when he saw the officer draw the gun that he leaped and grabbed it and ran. He denied that he attacked the officer or hit him. He also denied that he pointed the gun at the officer or threatened to kill him, and insists that he grabbed the gun and ran away with it to keep the officer from shooting him.

The evidence indicates that the appellant was operating his automobile upon a public highway, without having tail lights burning thereon, in violation of the statute with reference thereto. A highway patrolman, under the terms of Section 46-854 of the Code, is required to enforce the laws of this State relative to highway traffic. Accordingly, he had the right to arrest the appellant, without a warrant, for the violation of the statute with reference to the operation of a motor vehicle upon a public highway without tail lights. Certainly, he had a right to issue a warning to the appellant for the aforesaid violation of the statute. The appellant had no legal right to resist this lawful authority.

We think the evidence in this case warranted the conviction of the appellant of an assault and battery of a high and aggravated nature. What we said in *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873, is applicable. We quote therefrom the following:

" * * * Depending upon the circumstances of each case, resistance of lawful arrest may be a comparatively minor offense or one of very serious nature. It may be merely passive, for the use of force is not an essential ingredient of the common law offense. It may take the form of an assault and battery upon the arresting officer, in which event the degree of violence, the use or absence a deadly weapon, and the other circumstances attending the attack upon him are factors to be considered in determining whether it should be characterized as simple assault and battery, or assualt and battery of a high and aggravated nature, or assualt and battery with intent to kill and murder. In *State v. Jones,* 133 S. C. 167, 130 S. E. 747, 751, the court said, *obiter,* that resistance of lawful authority might be a circumstance of aggravation sufficient to transform what might otherwise have been simple assault and battery into 'assault and battery of a high and aggravated nature'. See also *State v. Johnson,* 187 S. C. 439, 198 S. E. 1; *State v. Hariott,* 210 S. C. 290, 42 S. E. (2d) 385. We are not to be understood

as saying that every assault and battery, however slight, upon an arresting officer, becomes an assault and battery of a high and aggravated nature because of the very fact that he was at the time engaged in making a lawful arrest. But in the proper exercise of his duties an arresting officer is the State itself; and the fact that he is attacked while properly performing his duty as an officer of the law is one to be taken into consideration, together with the other circumstances of the attack, in determining the gravity of the assault and battery upon him."

The trial Judge submitted to the jury, under proper instructions, the question of whether the appellant was guilty of an assault and battery of a high and aggravated nature, or of a simple assault and battery, or not guilty. He likewise submitted the question of whether the appellant acted in self-defense. We think there was no error in denying the appellant's motion for a directed verdict of not guilty and submitting the case to the jury.

The exceptions of the appellant are overruled and the judgment of the lower Court is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.