18995

The STATE, Respondent, v. Joe STALLINGS, Appellant

(171 S. E. (2d) 588)

452

*Messrs. John Howard Wrighton, III, F. Henderson Moore* and *George A. Payton,* all of Charleston, *for Appellant,*

*Messrs. Robert B. Wallace, Solicitor,* and *A. Arthur Rosenblum, Assistant Solicitor,* of Charleston, *for Respondent,*

December 18, 1969.

Moss, Chief Justice.

Joe Stallings, the appellant herein, was tried upon an indictment containing two counts: (1) assault with intent to ravish, and (2) assault and battery of a high and aggravated nature upon a white female child fifteen years of age. The case came on for trial before The Honorable Clarence E. Singletary, Presiding Judge, and a jury, at the 1966 May Term of the Court of General Sessions for Charleston County. The jury found the appellant guilty of assault with intent to ravish, with a recommendation to mercy. The ap-

pellant made a motion for a new trial and such was refused. He was sentenced to serve a term of forty years. This appeal followed.

When the case was called for trial, the appellant moved to quash the indictment upon the ground that his constitutional rights had been violated, in that: (1) members of the Negro race had been systematically excluded or limited in number by reason of their race from the grand jury which returned the indictment and the petit jury before which he was tried and convicted; (2) women were not permitted to serve on the grand or petit jury; (3) the jury was not drawn in accordance with Section 38-52 of the Code, because two-thirds of the names of male electors, between the age of 21 and 65, were not in the jury box; and (4) that Section 16-72 of the Code, which requires the inposition of the death sentence upon a conviction of an assault with intent to ravish, permits the infliction of punishment which is cruel and inhuman.

The trial judge ruled that there was no violation of the constitutional rights of the appellant because women were not permitted to serve on the grand or petit jury. He also denied the motion that the death sentence in case of conviction of an assault with intent to ravish was unconstitutional. He reserved his ruling as to the other questions until after the trial. Upon the conviction of the appellant, testimony was then taken upon the questions of racial discrimination in the selection of the grand and petit juries and whether the jury box contained the necessary number of qualified male electors. After the appellant had offered testimony, the reserved questions were decided adverse to him.

Whether there has been systematic racial discrimination by the jury commissioners in the selection of jurors is a question to be determined from the facts in each particular case. Discrimination in the selection of a jury must be proved and it cannot be presumed. A defendant attacking his conviction of a crime on the ground that the

State systematically excluded members of his race from the grand jury which indicted him or from the petit jury which convicted him has the burden of proving the existence of purposeful discrimination. *Whitus v. Georgia,* 385 U. S. 545, 87 S. Ct. 643, 17 L. Ed. (2d) 599; *Moorer v. State,* 244 S. C. 102, 135 S. E. (2d) 713.

The appellant produced as witnesses two jury commissioners. Each of them testified as to the manner in which the jury box was made up. It appears from the testimony that the names of all qualified electors in Charleston County are recorded on IBM cards by the Board of Registration. The IBM machines are in the computer-data office for Charleston County and these machines mechanically take the names of all males between the ages of 21 and 65 out of the qualified electors and print their names in alphabetical order on sheets which are furnished to the jury commissioners. The commissioners then take every other sheet of the list except in some letters of the alphabet in which all names are retained as a part of the list. The list so retained is then cut so that on each slip the name of the elector and his address is shown. These slips are then inserted in capsules and placed in the jury box. It was testified that more than 13,000 such names are placed in the jury box and this represents sixty to sixty-five per cent of the qualified male electors between the ages of 21 and 65. The testimony of both these witnesses is positive that there is no exclusion from the list on account of race and that there is no way to determine the race of the person whose name is in the capsule.

The Clerk of Court of Charleston County testified that the jury that tried the appellant was composed of ten white men and two Negroes. He further stated that he had witnessed trials in Charleston County where the jury was composed of seven Negroes and five whites.

> The evidence in this case does not show there has been a systematic exclusion of members of the Negro race from jury duty so as to deny the appellant the

equal protection of the law. The testimony of the jury commissioners affirmatively shows that there has been no discrimination by race in the selection of juries in Charleston County. It follows that the appellant has not met the burden of proof required of him. The exception of the appellant posing the foregoing question is overruled.

The appellant contends that the trial judge erred in refusing to quash the indictment on the ground that women were not permitted to serve on the grand or petit jury. We have held that the exclusion of women from serving on the jury required by Art. V, Section 22 of the Constitution of this State does not violate the Fourteenth Amendment of the Constitution of the United States. *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873; *State v. Richburg,* 250 S. C. 451, 158 S. E. (2d) 769; *State v. Hamilton,* 251 S. C. 1, 159 S. E. (2d) 607. Also, see *McCreight v. South Carolina,* 4 Cir., 408 F. (2d) 1018, and 47 Am. Jur. (2d), Jury, Section 171, page 762. We call attention to the fact that since the trial of this case, the Constitution of this State has been amended so as to permit women to serve as jurors. 55 Stats. 66. We conclude that the trial judge did not err in refusing to quash the indictment on the ground stated.

The appellant also asserts that the trial judge erred in failing to quash the indictment upon the ground that the jury box did not contain two-thirds of the male electors of Charleston County between the ages of 21 and 65, as required by Section 38-52 of the Code. We have read and reread the brief of the appellant and this question was not argued by him and we, therefore, consider it abandoned. *State v. Collins,* 235 S. C. 65, 110 S. E. (2d) 270, and *State v. Johnson,* 241 S. C. 366, 128 S. E. (2d) 664.

The appellant contends that the imposition of the death penalty, pursuant to Section 16-72 of the Code, for rape or assault with intent to ravish constitutes cruel, inhuman and unjust punishment in violation of the

Fourteenth and Eight Amendments of the Constitution of the United States. We fully explored and denied such contention in the case of *State v. Gamble,* 249 S. C. 605, 155 S. E. (2d) 916. We adhere to this ruling. The appellant, having been convicted of an assault with intent to ravish, with a recommendation to the mercy of the court, has no standing to assert the unconstitutionality of the death penaly because such penalty cannot be imposed for the crime of which the appellant was convicted.

The final question presented was whether the trial judge erred in the admission into evidence the clothing and a photograph of the prosecuting witness. There was testimony given by the prosecuting witness that the appellant attacked her while she was in bed and asleep. He pulled her to the floor, hit her head on the floor, and punched her in the face. He then placed her on a couch, ripped off her pants and tried to rape her. Neighbors who testified in this case said they heard the noise of a struggle in the apartment where the prosecuting witness lived and after they gained entrance they found the appellant lying that he had made any attack upon the prosecuting witness. During the trial the State offered in evidence clothing worn by the victim and which had been stripped from her body. Such clothing was ripped, torn and there were some blood stains on the blouse. A black and white photograph of the victim's face was also offered into evidence, all over the objection of the appellant.

We have held that the determination of the relevancy and materiality of clothing and a photograph must be left to the sound discretion of the trial judge. If such items are calculated to arouse the sympathy or prejudice of the jury and if they are entirely irrelevant or not necessary to substantiate facts, they should be excluded. *State v. Thorne,* 239 S. C. 164, 121 S. E. (2d) 623. In view of the testimony we have heretofore recited, it is our opinion that the trial judge did on the sofa with blood on his clothing. He denied, however,

not abuse his discretion in admitting into evidence the clothing and a photograph of the prosecuting witness.

All of the exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.