639 S.E.2d 53

**Phillip MORRIS, Petitioner**

v.

**STATE of South Carolina, Respondent.**

**No. 26234.**

Supreme Court of South Carolina.

Submitted Nov. 15, 2006.

Decided Dec. 11, 2006.

280

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christopher L. Newton, all of Columbia, for Respondent.

Justice WALLER:

In this post-conviction relief (PCR) case, we granted certiorari to review the PCR court's denial of relief to petitioner, Phillip Morris. We reverse.

## FACTS

Petitioner was indicted for assault and battery with intent to kill (ABIK). On July 9, 2002, the scheduled trial date, petitioner arrived at court and signed a sentencing sheet in anticipation of entering a guilty plea to the lesser-included charge of assault and battery of a high and aggravated nature (ABHAN).[1] Petitioner subsequently left the courthouse, and when his case was called, he could not be located. When the State sought to try petitioner *in absentia*, petitioner's counsel

---

1. In addition, both the solicitor and petitioner's counsel signed the guilty plea sheet.

told the trial court that she "would prefer not to proceed without" petitioner present. The trial court ruled that by leaving the courthouse, petitioner had forfeited his rights.[2] Petitioner's trial *in absentia* began immediately thereafter.

The trial concluded the next day, and the jury found petitioner guilty of ABIK. The trial court sentenced him to 20 years' imprisonment, suspended upon the service of 15 years, and five years' probation.[3] Petitioner did not directly appeal, but filed for PCR.

At the PCR hearing, trial counsel testified that at some point after signing the plea sheet, petitioner left and could not be found when his case was called for the guilty plea. Counsel denied telling petitioner he could leave the courthouse. She further stated she did not realize she had not moved for a continuance after the State requested a trial *in absentia*.

Petitioner testified that after he signed the plea sheet, he asked counsel if she could get a continuance. According to petitioner, counsel said she would try; after a few minutes in the courtroom, she returned and told him he could go. Petitioner stated that he waited for notification of a sentencing date and did not know his case had been tried until police picked him up on October 22, 2002.

Petitioner's girlfriend, Jaclyn Cummings, also testified at the PCR hearing. She was with petitioner at the courthouse on the day he signed the plea sheet. Cummings stated she also understood that counsel was going to try to get the "postponement," and therefore, she and petitioner could leave.

The PCR court denied relief, specifically finding that (1) petitioner's testimony and the testimony of Cummings were not credible, while trial counsel's testimony was credible; and (2) trial counsel "tried to postpone the trial, via a Motion for Continuance, but that Motion was denied."

## ISSUE

Did petitioner establish that trial counsel was ineffective?

---

2. The trial court noted for the record petitioner's exception to its ruling.

3. The sealed sentence was opened on October 22, 2002.

## DISCUSSION

Petitioner argues that counsel should have moved for a continuance. Petitioner further contends he was prejudiced by counsel's omission because he would have received a lesser sentence on the lesser charge of ABHAN. We agree.

There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). In order to prove that counsel was ineffective, the PCR applicant must show that: (1) counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington, supra; Rhodes v. State,* 349 S.C. 25, 561 S.E.2d 606 (2002).

In a PCR proceeding, the burden is on the applicant to prove the allegations in his application. *E.g., Bannister v. State,* 333 S.C. 298, 509 S.E.2d 807 (1998). This Court will uphold the findings of the PCR court if there is any evidence of probative value to support them but will reverse the PCR court's decision when it is controlled by an error of law. *Pierce v. State,* 338 S.C. 139, 145, 526 S.E.2d 222, 225 (2000); *Cherry v. State, supra.*

Initially, we note there is no evidence to support the PCR court's finding that counsel tried to postpone the trial by moving for a continuance and therefore cannot uphold that finding. *Cherry v. State, supra.* While the trial transcript clearly shows counsel objected to proceeding with a trial *in absentia,* this is markedly different from counsel making a motion for a continuance so petitioner could plead guilty to ABHAN as had been agreed upon between petitioner and the State. Consequently, we find counsel was deficient for failing to request a continuance.

The State contends, however, that petitioner cannot establish prejudice because the trial court was disinclined to

grant a continuance since petitioner had left the courthouse. The State further maintains that because reversals of the denial of a continuance are "about as rare as the proverbial hens' teeth," petitioner failed to meet the prejudice prong. *State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957). We disagree.

The trial court's refusal of a motion for continuance in a criminal case will not be disturbed absent a clear abuse of discretion resulting in prejudice to the appellant. *State v. Williams*, 321 S.C. 455, 459, 469 S.E.2d 49, 51 (1996); *Lytchfield, supra.* Here, it is clear petitioner would have been prejudiced by the denial of a continuance because the trial *in absentia* subjected him to the ABIK conviction whereas the guilty plea would have been to ABHAN. The difference between these two crimes is significant. ABHAN is a common law misdemeanor punishable by up to ten years in prison, while ABIK is a violent crime felony punishable by up to twenty years in prison. *See State v. Fennell*, 340 S.C. 266, 274–75, 531 S.E.2d 512, 516 (2000); S.C.Code Ann. §§ 16–1–60, 16–3–620 (2003). Given the drastic distinctions between a conviction of ABIK versus one of ABHAN, we find this is the rare case where the refusal of the continuance would have amounted to an abuse of discretion. *See State v. Williams, supra; Lytchfield, supra.* Thus, we find petitioner established prejudice from counsel's deficient performance.

## CONCLUSION

We hold counsel did not move for a continuance and that the failure to do so prejudiced petitioner. Accordingly, we reverse the PCR court's denial of relief and remand for a new trial.

**REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.