692 S.E.2d 554

**The STATE, Respondent,**

v.

**Tyrone A. RAVENELL, Appellant.**

**No. 4658.**

Court of Appeals of South Carolina.

Submitted March 1, 2010.
Decided March 17, 2010.

450

Appellate Defender LaNelle Cantey DuRant, South Carolina Commission on Indigent Defense Division of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, Office of the Attorney General, of Columbia; Solicitor J. Gregory Hembree, of Conway, for Respondent.

HUFF, J.

Appellant Tyrone A. Ravenell was tried *in absentia* and convicted of armed robbery and burglary in the first degree. Subsequently, Ravenell appeared and his sealed sentence was opened, at which time Ravenell objected to the trial judge's imposition of a consecutive, twenty year sentence on each charge and moved the sentencing judge to reduce the sentence. The sentencing judge modified the sentence to run concurrently. Ravenell appeals, asserting the trial judge erred in (1) proceeding to trial in Ravenell's absence and (2) failing to quash the jury when it consisted of only one person of a minority race and only two people of a minority race were included in the jury pool pulled for the trial. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

On January 13, 1998, Ravenell was present when his case was called to trial. On that day, a jury was drawn. Thereafter, Ravenell challenged the "composition of the jury," noting that "out of twenty-eight jurors called to the Bar, only two minorities were in that group," and therefore it was "a misrepresentative cross-section of [the] community." Ravenell conceded that the jurors were properly drawn at random by computer and according to law and statute but challenged the jury pool and the particular jury drawn, asserting it did not represent the community as a whole racially. The trial judge stated he was taking the matter under advisement. Ravenell then moved for a continuance based on his inability to locate a witness, asserting the witness was vital to his case and he had

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

just learned the witness had moved to Atlanta. The State maintained it had information the witness was actually in Georgetown. The trial judge refused to grant the motion for continuance, noting Ravenell failed to subpoena the witness, but allowed for a delay in the start of the trial until 10:00 a.m. the next day in order to give the defense more time to locate the witness. The judge then took testimony from the clerk of court regarding the pulling of the jury venire. The clerk stated the jurors for this trial were selected at random from a reel obtained from the South Carolina Election Commission, which is then "dump[ed]" into the clerk's computer system. She further testified, as far as the racial makeup of that jury, she did not notice any major differences in it for that week in Horry County as opposed to any other week. Ravenell's counsel declined to question the clerk and put forth no evidence on the matter. The trial judge denied the motion to quash the jury.

The next day, Ravenell failed to appear for trial. Counsel for Ravenell acknowledged the "need to go forward with this trial," whether Ravenell was there or not, and that Ravenell "obviously [had] opted not to be [there]." Nonetheless, counsel requested a continuance until such time as he could locate his client. The trial judge observed Ravenell was present the day before for jury selection. He further noted he had allowed Ravenell to remain on bond for the purpose of assisting in the location of his missing witness, and before doing so, he had admonished Ravenell that if he did not appear the next day, the trial would go forward without him. The trial judge stated he had explained to Ravenell the perils of a trial in his absence. He therefore found Ravenell was given notice the trial would proceed without him and he would be tried *in absentia* if he failed to appear. The judge thereafter called three bailiffs to the stand, who each testified to calling Ravenell's name three times with no response. The State then indicated to the court that Ravenell had also been noticed by subpoena that his trial was taking place, and he was to appear during that term of court. The trial judge also took notice of the bond signed by Ravenell on February 27, 1997, and made the document a court exhibit along with the subpoenas sent to Ravenell. During this time, the court took testimony from an acquaintance of Ravenell's who happened to have been at the

courthouse the previous day and saw Ravenell around 5:00 p.m., after court had adjourned. This witness testified he spoke with Ravenell at that time and Ravenell indicated to him that he planned to attend court the next day.

The matter proceeded to trial in Ravenell's absence and he was thereafter convicted of armed robbery and burglary in the first degree. At the close of the State's case, Ravenell moved for a mistrial based upon the jury composition, which the trial judge denied. In July 2006, Ravenell was apprehended in Florida and returned to South Carolina for sentencing. Shortly thereafter, the sentencing judge opened Ravenell's sealed sentence, wherein the trial judge sentenced him to twenty year consecutive sentences on the two charges. Ravenell moved for a reduction in the sentence. On November 9, 2006, the sentencing judge modified the sentence to run concurrently instead of consecutively. This appeal follows.

## ISSUES

I.  Whether the trial judge erred in proceeding with trial in Ravenell's absence.

II. Whether the trial judge erred in failing to quash the jury and select a second jury when the jury consisted of only one person of a minority race and only two people of a minority race were in the pool of jurors pulled for the trial.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Banda*, 371 S.C. 245, 251, 639 S.E.2d 36, 39 (2006). An appellate court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.*

## LAW/ANALYSIS

### I.  Trial in Absentia

On appeal, Ravenell asserts the trial judge erred in proceeding with the trial in his absence. He contends the judge committed error in denying his motion for continuance, and he was prejudiced by this error inasmuch as he was then unable to assist in his own defense. Ravenell argues there is evi-

dence of record from a witness that Ravenell had planned to return to court the second day, and the trial judge "mistakenly thought he had warned Ravenell about the dangers of not being present but the trial record does not reflect this." In support of his argument, Ravenell cites the case of *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53 (2006), wherein the supreme court found counsel ineffective in a post-conviction relief (PCR) action for failure to move for a continuance when the defendant was tried *in absentia*, and determined the trial court would have committed an abuse of discretion had the court refused to grant a continuance under the circumstances of that case. Ravenell further cites to law that a trial may proceed in a defendant's absence only upon a finding by the court that the defendant voluntarily waived his right to be present, and the court must make findings on the record that the defendant received notice of his right to be present and a warning the trial would proceed in his absence. We find no error.

The trial court's denial of a motion for a continuance will not be disturbed on appeal absent a clear abuse of discretion. *State v. McKennedy*, 348 S.C. 270, 280, 559 S.E.2d 850, 855 (2002). Reversals of refusal of a continuance are about as rare as the proverbial hens' teeth. *Id.*

It is well established that, although the Sixth Amendment of the United States Constitution guarantees the right of an accused to be present at every stage of his trial, this right may be waived, and a defendant may be tried in his absence. *State v. Fairey*, 374 S.C. 92, 99, 646 S.E.2d 445, 448 (Ct.App.2007); *State v. Goode*, 299 S.C. 479, 481, 385 S.E.2d 844, 845 (1989). *See also* Rule 16, SCRCrimP ("Except in cases wherein capital punishment is a permissible sentence, a person indicted for misdemeanors and/or felonies may voluntarily waive his right to be present and may be tried in his absence upon a finding by the court that such person has received notice of his right to be present and that a warning was given that the trial would proceed in his absence upon a failure to attend the court."). A trial judge must determine a criminal defendant voluntarily waived his right to be present at trial in order to try the defendant in his absence. *State v. Patterson*, 367 S.C. 219, 229, 625 S.E.2d 239, 244 (Ct.App.2006)

(citing *State v. Jackson*, 288 S.C. 94, 95, 341 S.E.2d 375, 375 (1986)). The judge must make findings of fact on the record that the defendant (1) received notice of his right to be present and (2) was warned he would be tried in his absence should he fail to attend. *Id.*

In order to claim the protection afforded by the rule of law that a criminal defendant may be tried in his absence only upon a trial court's finding that the defendant has received the requisite notice of his right to be present and advisement that the trial would proceed in his absence if he failed to attend, a defendant or his attorney must object at the first opportunity to do so, and failure to so object constitutes waiver of the issue on appeal. *State v. Williams*, 292 S.C. 231, 232, 355 S.E.2d 861, 862 (1987). Additionally, notice of the term of court in which a defendant will be tried is sufficient notice to enable the defendant to make an effective waiver of his right to be present at his trial. *Ellis v. State*, 267 S.C. 257, 261, 227 S.E.2d 304, 306 (1976); *Fairey*, 374 S.C. at 100, 646 S.E.2d at 448. Further, a bond form that provides notice that a defendant can be tried in absentia may serve as the requisite warning that he may be tried in his absence should he fail to appear. *Fairey*, 374 S.C. at 101, 646 S.E.2d at 449. "The deliberate absence of a defendant who knows that he stands accused in a criminal case and that his trial will begin during a specific period of time indicates nothing less than an intention to obstruct the orderly processes of justice." *Ellis*, 267 S.C. at 261, 227 S.E.2d at 306.

Here, it is arguable that Ravenell has not properly preserved an objection to his trial *in absentia*. While counsel did move for a continuance until such time as he could locate his client, counsel never specifically objected to a trial *in absentia* and never asserted to the trial judge that his client did not receive the requisite notice of his right to be present or a warning that the trial would proceed in his absence if he failed to attend. Nor does it appear that Ravenell raised the issue with the sentencing judge following his apprehension and return to court. However, because Ravenell's counsel did move for a continuance, and in light of the fact that the trial judge made findings on the record that Ravenell was given notice the trial would proceed without him and he would be

tried *in absentia* should he fail to appear, we find it proper to address the matter on the merits.

■ After review of the record, we find Ravenell voluntarily waived his right to be present at trial and therefore was properly tried *in absentia*. First, Ravenell clearly received notice of his right to be present at trial. The record shows Ravenell was subpoenaed to appear for that particular week of court. Additionally, the trial judge made uncontested findings on the record showing Ravenell had notice of his right to be present for trial by virtue of the judge's warning to Ravenell when he allowed him to stay out on bond. Finally, the very fact that Ravenell was present for the first day of trial when his jury was drawn indicates Ravenell had notice of his right to appear. Second, it is equally clear Ravenell was warned he would be tried in his absence should he fail to appear. The trial judge noted for the record that he specifically informed Ravenell that if he did not appear the next day, the trial would go forward without him. Further, the record shows Ravenell's bond form provided the requisite notice to him that he could be tried *in absentia* should he fail to appear. While Ravenell argues on appeal that the trial judge mistakenly thought he had warned Ravenell about the dangers of not being present but the trial record failed to reflect that, we note that counsel did not contest the trial judge's recollection of his discussion with Ravenell but implicitly accepted the judge's rendition of his discussion with Ravenell.

As to Ravenell's reliance on *Morris,* we believe that case is distinguishable. Morris had been indicted for assault and battery with intent to kill (ABIK), and on the scheduled date of trial appeared at court and signed a sentencing sheet in anticipation of entering a guilty plea to the lesser-included charge of assault and battery of a high and aggravated nature (ABHAN). *Morris,* 371 S.C. at 280, 639 S.E.2d at 55. Morris subsequently left the courthouse and could not be found when his case was called for the guilty plea. *Id.* The trial judge determined Morris forfeited his rights by leaving the courthouse and therefore proceeded to trial in Morris's absence. *Id.* at 281, 639 S.E.2d at 55. Morris was subsequently found guilty of ABIK. *Id.* At his PCR hearing, Morris maintained that, after he signed the plea sheet, he had asked counsel to obtain a continuance, counsel agreed to try, and after a few

minutes in the courtroom, she returned and told him he could leave. *Id.* Trial counsel denied she told Morris he could leave. *Id.* The PCR court denied Morris relief. *Id.* The supreme court reversed, finding trial counsel was deficient in failing to request a continuance. *Id.* at 282, 639 S.E.2d at 56. In so doing, the court noted the transcript clearly showed trial counsel objected to proceeding with a trial *in absentia*, but this was "markedly different from counsel making a motion for a continuance so [Morris] could plead guilty to ABHAN as had been agreed upon between [Morris] and the State." *Id.* The court further found Morris would have been prejudiced by the denial of a continuance because the trial *in absentia* subjected him to the ABIK conviction as opposed to the ABHAN charge he faced under the guilty plea. *Id.* at 283, 639 S.E.2d at 56. The court then concluded, given the drastic distinctions between an ABIK and an ABHAN conviction, this was one of the rare cases in which the refusal by the trial judge to grant a continuance would have amounted to an abuse of discretion. *Id.*

Here, Ravenell's counsel moved for a continuance until such time as he could locate his client for resumption of the trial, not in order for Ravenell to appear for an agreed upon plea of guilty to a lesser included offense. Unlike the situation in *Morris*, there appears to be a "deliberate absence of a defendant who knows that he stands accused in a criminal case and that his trial will begin during a specific period of time [indicating] nothing less than an intention to obstruct the orderly processes of justice." *Ellis*, 267 S.C. at 261, 227 S.E.2d at 306. To read *Morris* to require a trial judge to grant a continuance anytime a defendant intentionally absents himself from trial of which he has notice would subvert the rule and case law specifically allowing a trial *in absentia* under the proper circumstances, i.e. when the defendant has notice of his right to be present and has been warned that the trial could proceed in his absence upon his failure to appear. Additionally, in the more similar case of *State v. Wright*, 304 S.C. 529, 532, 405 S.E.2d 825, 827 (1991), our supreme court found no abuse of discretion in the trial judge's denial of counsel's motion for continuance based on the defendant's absence. Specifically, the court held there was no abuse of discretion as the record clearly revealed the defendant was

aware of the term of court and knew he would be tried *in absentia* should he fail to appear. *Id.* We believe the case at hand is in line with *Wright,* and the trial judge committed no abuse of discretion in denying Ravenell's motion for continuance.

### II. Jury Composition

Ravenell next contends the trial judge erred in failing to quash the jury and select a second jury, asserting the jurors called to the bar was composed of only two minorities out of a total of twenty-eight persons pulled, and the seated jury consisted of only one minority. He argues that he was denied a fair trial by a jury of his peers because the jury was not composed of a representative cross-section of his peers. We disagree.

"Whether there has been systematic racial discrimination by the jury commissioners in the selection of jurors is a question to be determined from the facts in each particular case." *State v. Stallings,* 253 S.C. 451, 454, 171 S.E.2d 588, 590 (1969). Further, "[d]iscrimination in the selection of a jury must be proved and it cannot be presumed." *Id.* A criminal defendant attacking his conviction on the ground that the State systematically excluded members of his race from the jury that convicted him has the burden of proving the existence of purposeful discrimination. *Id.* at 454–55, 171 S.E.2d at 590.

> In order to establish a prima facie violation of the fair cross-section requirement, the defendant must show that 1) the group excluded is a "distinctive" group in the community; 2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and 3) this underrepresentation is due to a systematic exclusion of the group in the jury selection process.

*State v. Patterson,* 324 S.C. 5, 21, 482 S.E.2d 760, 767–68 (1997).

Even assuming Ravenell can show the requisite distinctive group in step 1, he has failed to make any showing whatsoever of step 2, that representation of the group in the jury venire was not fair and reasonable in relation to the number of such

460

persons in the community, or step 3, that there was a systematic exclusion of the group in the jury selection process. Accordingly, the trial judge did not err in denying Ravenell's motion challenging the composition of the jury.

For the foregoing reasons, Ravenell's convictions are

**AFFIRMED.**

THOMAS and KONDUROS, JJ., concur.