**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Deron Jardell Myers, Appellant.

Appellate Case No. 2014-000849

_____

Appeal From Florence County
William H. Seals, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2016-UP-123
Submitted February 1, 2016 – Filed March 2, 2016

_____

**AFFIRMED**

_____

James T. McBratney, Jr., of McBratney Law Firm, P.A., of Florence, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 16, SCRCrimP (stating a person indicted for misdemeanors or

felonies other than when capital punishment is permissible may voluntarily waive his right to be present and be tried in his absence if the court finds he received notice of his right to be present and a warning the trial would proceed in his absence); *State v. Ravenell*, 387 S.C. 449, 455, 692 S.E.2d 554, 557 (Ct. App. 2010) (stating the Sixth Amendment right of an accused to be present at every stage of his trial may be waived, and the accused may be tried in his absence); *id.* at 456, 692 S.E.2d at 558 ("The [trial court] must make findings of fact on the record that the defendant (1) received noticed of his right to be present and (2) was warned he would be tried in his absence should he fail to attend."); *id.* ("[N]otice of the term of court in which a defendant will be tried is sufficient notice to enable the defendant to make an effective waiver of his right to be present at his trial."); *id.* ("[A] bond form that provides notice that a defendant can be tried in absentia may serve as the requisite warning that he may be tried in his absence should he fail to appear."); *State v. Williams*, 292 S.C. 231, 232, 355 S.E.2d 861, 862 (1987) (noting any "error is also subject to a harmless error analysis"); *State v. Shuler*, 344 S.C. 604, 626, 545 S.E.2d 805, 816 (2001) (finding the defendant's absence during a pretrial hearing was harmless when the defendant failed to allege either at trial or on appeal any facts not known to his counsel that would have been relevant during the hearing and the overwhelming evidence of guilt).

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.