**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tremaine O'Keefe Pride, Appellant.

Appellate Case No. 2021-000486

———————

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-389
Submitted September 1, 2024 – Filed November 27, 2024

———————

**AFFIRMED**

———————

Clarence Rauch Wise, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Tremaine O'Keefe Pride was convicted of trafficking twenty-eight grams or more of crack cocaine and resisting arrest. The trial court imposed concurrent sentences of twenty-five years' imprisonment for trafficking crack cocaine and one-year imprisonment for resisting arrest. On appeal, Pride

argues the trial court erred in (1) denying his motion for continuance and trying him *in absentia* for the indicted offense of trafficking crack cocaine because the order releasing Pride on bond, which provided him with notice that he would be tried *in absentia*, cited the arrest warrant number that alleged Pride violated a different statute than the one in the indictment; (2) failing to exclude the testimony of a witness who violated the sequestration order; and (3) failing to include the language "hesitate to act" during its reasonable doubt jury instructions. We affirm.

1. We hold the trial court did not abuse its discretion in denying Pride's motion to continue the trial and trying him *in absentia* for trafficking crack cocaine— although his bond form cited a different statutory offense than his indictment— because he had proper notice that he would be tried in his absence for trafficking crack cocaine. *See State v. Ravenell*, 387 S.C. 449, 455, 692 S.E.2d 554, 557 (Ct. App. 2010) ("The trial court's denial of a motion for a continuance will not be disturbed on appeal absent a clear abuse of discretion."); *id.* ("It is well established that, although the Sixth Amendment of the United States Constitution guarantees the right of an accused to be present at every stage of his trial, this right may be waived, and a defendant may be tried in his absence."); *id.* at 455, 692 S.E.2d at 557-58 ("A trial judge must determine a criminal defendant voluntarily waived his right to be present at trial in order to try the defendant in his absence."); *id.* at 456, 692 S.E.2d at 558 ("The judge must make findings of fact on the record that the defendant (1) received notice of his right to be present and (2) was warned he would be tried in his absence should he fail to attend."). Pride received sufficient notice he would be tried in his absence of the charges against him because: (1) the arrest warrant affidavit to support probable cause stated "Pride did knowingly and intentionally traffic crack cocaine," (2) the grand jury indicted Pride for trafficking crack cocaine in violation of section 44-53-375(C) of the South Carolina Code (2018), and (3) the State calling Pride's charges "trafficking crack third offense, charge 28 to 100 grams" at his bond hearing. The trial court also made specific findings that "Mr. Pride did receive notice of this actual term of court where his trial would be conducted. And that he knew that - - secondly, he knew that he would be tried in his absence if he failed to attend." We hold the trial court's reliance on this evidence supported its denial of his motion for a continuance. *Cf. State v. Wrapp*, 421 S.C. 531, 536-37, 808 S.E.2d 821, 823-24 (Ct. App. 2017) (finding no evidence in the record, other than the bond acknowledgment form, that defendant had notice of his trial); *State v. Goode*, 299 S.C. 479, 482, 385 S.E.2d 844, 846 (1989) (holding the State "failed to prove that Goode had any notice, either actual or constructive, as to his indictment for grand larceny or the subsequent trial" because it only produced Goode's bond form releasing him for breaking into a motor vehicle).

2.  We hold that although the trial court erred in finding the witness did not violate the sequestration order, the trial court did not abuse its discretion in allowing the witness to testify before the jury in light of the witness's testimony during a proffer that he was not influenced by the testimony of the witnesses he observed in violation of the sequestration order.  *See State v. Huckabee*, 388 S.C. 232, 241, 694 S.E.2d 781, 785 (Ct. App. 2010) ("[T]he decision to sequester a witness is within the sound discretion of the [trial] court."); *State v. Moorer*, 439 S.C. 525, 548, 888 S.E.2d 725, 737 (Ct. App. 2023), *reh'g denied* (July 24, 2023) ("The purpose of the exclusion rule is . . . to prevent the possibility of one witness shaping his testimony to match that given by other witnesses at the trial; and if a witness violates the order he may be disciplined by the court." (quoting *State v. Washington*, 424 S.C. 374, 409, 818 S.E.2d 459, 477 (Ct. App. 2018), *aff'd in part, vacated in part, rev'd in part on other grounds*, 431 S.C. 394, 848 S.E.2d 779 (2020))); *State v. Simmons*, 384 S.C. 145, 173-74, 682 S.E.2d 19, 34 (Ct. App. 2009) (holding the trial court did not abuse its discretion in permitting a witness to testify because it found the statements made by the other witness could not have influenced his subsequent testimony).

Furthermore, we determine that even if the admission of the witness's testimony was an error, it was harmless because the State established the chain of custody of the drugs as far as practicable without his testimony and his testimony had no effect on the result of the trial.  *See State v. Collins*, 409 S.C. 524, 537, 763 S.E.2d 22, 29 (2014) ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."); *State v. Brown*, 344 S.C. 70, 75, 543 S.E.2d 552, 554-55 (2001) ("Whether an error in the admission of evidence is harmless generally depends upon its materiality in relation to the case as a whole."); *State v. Johnson*, 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989) ("The admission of improper evidence is harmless where it is merely cumulative to other evidence."); *State v. Black*, 400 S.C. 10, 27, 732 S.E.2d 880, 890 (2012) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); *Brown*, 344 S.C. at 75, 543 S.E.2d at 554-55 ("Whether an error in the admission of evidence is harmless generally depends upon its materiality in relation to the case as a whole.").  Additionally, Pride had the opportunity to cross-examine the witness and used his trial testimony to his benefit—arguing during closing "the State was scrambling around to try to plug th[e] hole in their chain of custody" by calling the witness because his role in the chain was unknown previously due to his name not appearing on the chain of custody form. *See State v. Fossick*, 333 S.C. 66, 70, 508 S.E.2d 32, 34 (1998) ("In determining harmless error regarding any issue of witness credibility, we will consider the importance of the witness's testimony to the prosecution's case, whether the witness's

testimony was cumulative, whether other evidence corroborates or contradicts the witness's testimony, the extent of cross-examination otherwise permitted, and the overall strength of the State's case.").

3.  Finally, we hold the trial court did not abuse its discretion by declining Pride's request for the trial court to use the language "hesitate to act," as used in *State v. Manning*,[1] in its reasonable doubt instructions to the jury.  *See Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *State v. Patterson*, 367 S.C. 219, 231, 625 S.E.2d 239, 245 (Ct. App. 2006) (explaining a "trial court is required to charge only the current and correct law of South Carolina").  The trial court's instructions adequately defined "reasonable doubt" because they were nearly identical to those identified by our supreme court in *Needs*.  *See State v. Needs*, 333 S.C. 134, 155 n.12, 508 S.E.2d 857, 868 n.12 (1998) (identifying two appropriate definitions of reasonable doubt for trial courts to utilize, one of which includes "hesitate to act" verbiage and the other without).  Furthermore, we hold Pride's argument that the defendant, not the trial court, should determine the language of the reasonable doubt instruction to allow the defendant to make an effective closing argument is meritless because the trial court has the discretion to charge the jury with the law.  *See Clark*, 339 S.C. at 389, 529 S.E.2d at 539 ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] 305 S.C. 413, 417, 409 S.E.2d 372, 375 (1991).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.