**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sheena Alston, Appellant.

Appellate Case No. 2022-001305

Appeal From Charleston County
Robert J. Bonds, Circuit Court Judge

Unpublished Opinion No. 2025-UP-382
Submitted November 20, 2025 – Filed November 26, 2025

**AFFIRMED**

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Sheena Alston appeals her conviction for first-degree burglary and sentence of sixteen years' imprisonment. On appeal, Alston argues the trial court erred in (1) denying her continuance motion, (2) trying her in her absence,

and (3) denying her mistrial motion.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the circuit court did not abuse its discretion in denying Alston's continuance motion and in trying her in her absence.  Alston does not assert that she did not have notice of trial and that she would be tried in her absence; rather, she contends her absence was involuntary due to her health.  Although evidence showed Alston went to the hospital on the morning of trial regarding her ankle and on the second day of trial when she had facial and eye swelling, there was no evidence showing Alston could not be present for trial.[1]  Thus, the circuit court did not abuse its discretion in denying her continuance motion and in trying her in her absence.  *See State v. Ravenell*, 387 S.C. 449, 455, 692 S.E.2d 554, 557 (Ct. App. 2010) ("It is well established that, although the Sixth Amendment of the United States Constitution guarantees the right of an accused to be present at every stage of his trial, this right may be waived, and a defendant may be tried in his absence."); *id.* at 455, 692 S.E.2d at 557-58 ("A trial [court] must determine a criminal defendant voluntarily waived his right to be present at trial in order to try the defendant in his absence."); *id.* at 456, 692 S.E.2d at 558 ("The [court] must make findings of fact on the record that the defendant (1) received notice of his right to be present and (2) was warned he would be tried in his absence should he fail to attend."); *State v. Meggett*, 398 S.C. 516, 523, 728 S.E.2d 492, 496 (Ct. App. 2012) ("The denial of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion resulting in prejudice."); *State v. Geer*, 391 S.C. 179, 189, 705 S.E.2d 441, 447 (Ct. App. 2010) ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support." (quoting *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001))); *State v. McMillian*, 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002) ("Reversals of refusal of a continuance are about as rare as the proverbial hens' teeth."); *State v. McKennedy*, 348 S.C. 270, 280, 559 S.E.2d 850, 855 (2002) ("This [c]ourt has repeatedly upheld denials of motions for continuances where this is no showing that any other evidence on behalf of the defendant could have been introduced, or that any other points could have been raised, if more time had been granted to prepare for trial."); Rule 7(a), SCRCrimP ("Continuances may be granted by a presiding judge during a term of court at which he presides only upon written request by counsel, and any order granting a continuance shall be in writing, shall be made only upon a showing of good and sufficient legal cause and shall be filed forthwith with the clerk of court."); *State v.*

---

[1] We note that at one point when discussing Alston's health and considering whether to continue the case, the circuit court stated it believed there was "some gamesmanship going on here."

*Young*, 243 S.C. 187, 191, 133 S.E.2d 210, 212 (1963) (acknowledging "there was no abuse of discretion in refusing to continue [a] case because of the defendant's physical condition"); *id.* (holding the court did not abuse its discretion in refusing to grant a continuance due to the physical condition of the defendant "in view of the testimony of the physicians as to the physical condition of the [defendant] and that he was able to stand trial without any danger").

2. We hold the circuit court did not abuse its discretion in denying Alston's mistrial motion because although the State's comment during closing arguments likely was improper burden shifting, the circuit court's curative instruction and subsequent jury charge regarding the burden of proof cured any improper comment and Alston has failed to show the comment was so grievous to require a mistrial. *See State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court."); *id.* ("The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *State v. Copeland*, 321 S.C. 318, 324, 468 S.E.2d 620, 624 (1996) ("The trial court has broad discretion when dealing with the propriety of the solicitor's argument, including the question of whether to grant a defendant's mistrial motion."); *Harris*, 382 S.C. at 117, 674 S.E.2d at 537 ("The granting of a motion for a mistrial is an extreme measure that should only be taken if an incident is so grievous that the prejudicial effect can be removed in no other way."); *id.* (stating the "power of the trial court to declare a mistrial should be used with the greatest caution" and only when "absolutely necessary"); *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999) ("Generally, a curative instruction is deemed to have cured any alleged error."); *Copeland*, 321 S.C. at 324, 468 S.E.2d at 625 ("The appellant has the burden of proving she did not receive a fair trial because of the alleged improper argument."); *State v. Patterson*, 324 S.C. 5, 17, 482 S.E.2d 760, 766 (1997) ("The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."); *State v. Goodwin*, 384 S.C. 588, 605, 683 S.E.2d 500, 509 (Ct. App. 2009) (concluding the State's comment during closing argument "was not so grievous that its alleged prejudicial effect could not be removed in any other way" and did not so infect "the trial with unfairness as to make [the defendant's] conviction a denial of due process"); *see generally id.* at 605-06, 683 S.E.2d at 509 (concluding further that "any alleged error [in the State's closing argument] was cured by the trial court's extensive jury charge on voluntariness of statements, and the State's burden to prove voluntariness of a statement beyond a reasonable doubt"). Further, to the extent Alston argues the specific curative instruction given was not adequate because the court did not specifically tell the jury that it could not consider the

improper argument, we hold this argument is not preserved for review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.