**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Reginald Da'Aron Campbell, Appellant.

Appellate Case No. 2022-000333

---

Appeal From Abbeville County
Donald B. Hocker, Circuit Court Judge
Walton J. McLeod, IV, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-289
Submitted May 1, 2026 – Filed June 10, 2026

---

**AFFIRMED**

---

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and David Matthew Stumbo of Greenwood, for Respondent.

---

**PER CURIAM:** Reginald Da'Aron Campbell appeals his convictions for assault and battery of a high and aggravated nature (ABHAN) and possession of a weapon

during the commission of a violent crime and his concurrent sentences of fourteen years' imprisonment and five years' imprisonment. On appeal, Campbell argues the trial court erred in (1) denying his motion to quash the jury pool, (2) denying his motion for a directed verdict on the charge of attempted murder, and (3) instructing the jury on the offense of attempted murder. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not err in declining to quash the jury pool. *See State v. Ravenell*, 387 S.C. 449, 454, 692 S.E.2d 554, 557 (Ct. App. 2010) ("In criminal cases, the appellate court sits to review errors of law only. An appellate court is bound by the trial court's factual findings unless they are clearly erroneous." (citation omitted)); *State v. Stallings*, 253 S.C. 451, 454, 171 S.E.2d 588, 590 (1969) ("Whether there has been systematic racial discrimination by the jury commissioners in the selection of jurors is a question to be determined from the facts in each particular case."). Assuming Campbell showed the representation of a distinctive group, African Americans, in the jury venire was not fair and reasonable in relation to the number of African Americans in the community, we find he has failed to prove the underrepresentation was due to systematic exclusion of African Americans in the jury-selection process because he did not present any evidence of systematic exclusion of African Americans from the jury-selection process in Abbeville County. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979) ("In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process."); *id.* at 366 (finding that the existence of a large discrepancy "in every weekly venire for a period of nearly a year manifestly indicate[d] that the cause of the underrepresentation was systematic—that is, inherent in the particular jury-selection process utilized"); *id.* at 367 (finding "[t]he resulting disproportionate and consistent exclusion of women from the jury wheel and at the venire stage was quite obviously due to the *system* by which juries were selected"); *State v. Patterson*, 324 S.C. 5, 20-21, 492 S.E.2d 760, 767-68 (1997) (concluding that even if the defendant met the first and second prong, the defendant failed to provide evidence to show a systematic exclusion of African Americans in the jury pool).

2. We hold the remaining issues are moot because Campbell was acquitted of attempted murder and convicted of the lesser-included offense of ABHAN. *See*

*State v. Passmore*, 363 S.C. 568, 581, 611 S.E.2d 273, 280 (Ct. App. 2005) ("A case becomes moot when a judgment, if rendered, would have no practical legal effect upon the existing controversy, thus making it impossible for the reviewing court to grant effectual relief."); *Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief."); *State v. Green*, 337 S.C. 67, 71, 522 S.E.2d 602, 604 (Ct. App. 1999) ("When judgment on an issue can have no practical effect upon an existing case or controversy, the issue is moot."); *Bozeman v. State*, 307 S.C. 172, 174, 414 S.E.2d 144, 145 (1992) ("When the jury convicted petitioner of the lesser included offense of voluntary manslaughter, in essence, he was acquitted of the murder charge."); *State v. Collins*, 228 S.C. 537, 547-48, 91 S.E.2d 259, 263-64 (1956) (stating a defendant is not prejudiced by counsel's failure to state the specific reasons for the directed verdict motion or object to jury instructions regarding a greater offense when the defendant is acquitted of the greater offense and convicted of the lesser-included offense); *State v. Craig*, 267 S.C. 262, 270, 227 S.E.2d 306, 310 (1976) (stating an appellate issue regarding a jury charge for a greater offense is considered moot when the defendant is convicted of the lesser-included offense).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.