**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Terrio Jacquard Thomas, Appellant.

Appellate Case No. 2023-000371

———

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-408
Submitted November 1, 2025 – Filed December 10, 2025

———

**AFFIRMED**

———

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———

**PER CURIAM:** Terrio Jacquard Thomas appeals his convictions for trafficking in methamphetamine, possession of cocaine, and simple possession of marijuana and his aggregate sentence of eight years' imprisonment. On appeal, Thomas argues

the trial court erred when it overruled his objection to the composition of the jury because the jury was not "a fair and accurate cross section of the community under *Duren v. Missouri*."[1]  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in declining to quash the jury in Thomas's case. *See State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* at 6, 545 S.E.2d at 829 ("[The appellate courts] are bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Stallings*, 253 S.C. 451, 454, 171 S.E.2d 588, 590 (1969) ("Whether there has been systematic racial discrimination by the jury commissioners in the selection of jurors is a question to be determined from the facts in each particular case.").  Assuming Thomas showed the representation of a distinctive group, African Americans, in the jury venire was not fair and reasonable in relation to the number of African Americans in the community, we find Thomas failed to prove the underrepresentation was due to systematic exclusion of African Americans in the jury-selection process.  *See Duren*, 439 U.S. at 364 ("In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.").  Although Thomas argued that three jury panels were quashed as violating the fair-cross-section requirement close in time to his case, Thomas did not present any other evidence of systematic exclusion of African Americans, did not call any witnesses, and declined to cross-examine the Beaufort County Clerk of Court; thus, we find Thomas did not present sufficient evidence of the systematic exclusion of African Americans from the jury-selection process to establish a prima facie violation of the fair-cross-section requirement.  *See id*. at 366 (finding that the existence of a large discrepancy "in every weekly venire for a period of nearly a year manifestly indicate[d] that the cause of the underrepresentation was systematic—that is, inherent in the particular jury-selection process utilized"); *id*. at 367 (finding the "resulting disproportionate and consistent exclusion of women from the jury wheel and at the venire stage was quite obviously due to the *system* by which juries were selected").

**AFFIRMED.**[2]

---

[1]  439 U.S. 357 (1979).
[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**